## WILLIAM LAURANS *v.* LUBIN GARNIER.

No judgment can be rendered in an action against a vendor alone, on a prayer "that the plaintiff be put in possession by an undisputed title," where third persons, holding adversely, are not before the court.

It is only where an entire failure or want of title on the part of the vendor is shown, that a purchaser is entitled to recover the price paid, without eviction, and without any previous proceedings, jointly with the vendor, to obtain possession.

The vendee of a tract of land cannot maintain an action against his vendor for delivery of the property, where there was no agreement as to a delivery at a particular time, and the petition does not aver that the latter was put *in mora*. C. C. 2461. The law considers the delivery of an immoveable as always accompanying the public act which transfers the property. C. C. 2455.

APPEAL from the District Court of the First District, *Buchanan*, J.

*H. R. Denis* and *Preston*, for the appellant. This is the *actio ex empto* of the Roman law. Dig. lib.19, tit. 1, law 3, § 1; law 11, § 5, 13; law 13, § 21. Pothier, Vente, part 2, ch. 1, art. 5, nos. 61—74. *Buford* v. *Valentine*, 3 Mart. N. S. 71. This is not a

suit to annul a contract, but to enforce it; consequently, the prescription of five years, under art. 3507 of the Civil Code, is inapplicable.

The deed is prima facie evidence of the delivery of the immoveable sold, only when the vendor is in possession. 11 Mart. 641. 1 Ib. N. S. 179. 3 La. 179. When the vendor is not in possession, he must redeem and deliver the thing sold, and the costs of delivery are to be borne by him. Civ. Code, arts. 2458, 2459.

*L. Janin*, for the defendant.

BULLARD, J. The plaintiff alleges that he purchased, in 1836, from the defendant, Lubin Garnier, a tract of land containing fifteen hundred *arpents*, situated in the parish of East Baton Rouge, for the price of nine thousand dollars, which has been paid. That he has faithfully complied with his obligations as vendee, but that his vendor has not fulfilled his obligations, and that he has never delivered the said property to the petitioner, and put him in peaceable possession, but, though demanded, refuses and neglects so to do. He represents that it is impossible for the vendor to put him thus in possession, and in the actual enjoyment of said property, inasmuch as said land, or a great part of it, is occupied and cultivated by several persons, who are in actual possession, and have been so for more than twenty years, and hold by titles from the United States. He sets forth the names of the adverse claimants in possession. He alleges that he has demanded from them his land, by virtue of his title, but that they refuse to deliver up the same, maintaining that their title is better than that of the petitioner. He further alleges, that the defendant well knew, at the time he sold the land, that there were adverse titles, and that the claimants were in possession, of which fact the plaintiff says he was ignorant, and that he would not have purchased had he known of any adverse title or possession. That for this failure on the part of his vendor to deliver the land sold, and because a better title than his was in other persons, the petitioner is entitled to have the sale to him cancelled, and the money paid by him restored, with interest and damages. He concludes by praying that the defendant may be condemned to put the peti-

tioner in possession of the land sold within a delay to be fixed by the court, with an undisputed title to the same, or, in default thereof, that the sale be cancelled, and the defendant condemned to refund the price, with interest and costs.

The defendant answers that, reserving all exceptions to the form of proceedings in the case, he admits the sale of the land to the plaintiff, but denies that the land was settled upon at the time; he avers that the plaintiff, prior and subsequent to the sale, examined and travelled over the land, and expressed himself satisfied; that he never made any difficulty as to the title; and that the defendant's title is clear and unincumbered. He further avers, that no persons are settled on the land, and if they are, that they have no title, nor were any settled on it at the time of the sale. He claims damages in reconvention for this vexatious suit. There is also a plea of prescription.

The court below regarding the action as one of rescision, sustained the plea of prescription of five years, which had elapsed from the date of the sale, March 28, 1836, until the institution of this suit, September 7, 1842, and the plaintiff appealed.

His counsel contends that the court erred in regarding this as an action of rescision or nullity, which is prescribed by five years, according to article 3507 of the Civil Code. That it is, on the contrary, the *actio ex empto*, the plaintiff claiming the execution of the contract, and, in default thereof, the restitution of the price.

The record discloses several matters which render this action quite novel in our courts. 1. Bouligny, the defendant's vendor, is shown to have had a title emanating originally from the Spanish government, and which appears to have been confirmed by the act of Congress of 1822. 2. The plaintiff never made any attempt to take actual possession, although it is shown that the whole tract is not possessed under adverse titles, and he never took any legal steps against those who are in possession of a part, making his vendor a party in warranty. 3. Those persons whose titles are alleged to be better than that of Bouligny, are not before us; and their titles, so far as shown, emanated from the American government, and, consequently, are of a date subsequent to that owned by the plaintiff. 4. If those persons

in possession under their American titles, should be declared to have the better title, it must be in consequence of their possession ; and the court must necessarily look at the condition of things at the date of the sale by Garnier to the plaintiff, in 1836, because, at that time, the plaintiff might have institutued suit, and thus stopped the prescription which was running in favor of the possessors.   This neglect to do so, cannot prejudice the defendant, as warrantor.

Thus we are, in substance and effect, called upon to say, whether in March, 1836, there was a better outstanding title in Thomas and others under their certificates, coupled with possession, than that of Bouligny, founded on an order of survey in 1797, an actual survey in 1808, by Pintado, while that part of the State was in *de facto* under the government of Spain, and a relinquishment of title on the part of the United States, in 1822. Such a question would necessarily involve an inquiry into the character of the adverse possession, and the time at which it commenced, and whether the claimants knew of the title of Bouligny ; and this, not only without making them parties, but partly upon their testimony · as witnesses in the cause. The case is, therefore, as was said by the district judge, the inverse of a petitory action.   It is manifestly impossible for the court to render the judgment prayed for as the first alternative, to wit, that the plaintiff be put in possession by an *undisputed title*, because those who hold adversely are not before us, and we cannot pronounce upon their titles, so far as to order the plaintiff to be put in possession of any land occupied by them.   With respect to the second alternative, that of annulling the sale and decreeing the defendant to restore the price, he asks us, in substance, to give effect to the warranty of the vendor without any eviction, and without any effort made by him to make good his title by suing the adverse possessors and making his vendor a party.

That there are cases in which the purchaser would be entitled to recover back the price paid, without eviction, and without any previous proceedings concurrently with the vendor, to put himself in possession, we readily admit, but it is only when there is an entire failure, or want of title shown on the

part of the vendor.   Of that character is the case of *Buford* v. *Valentine* (3 Mart. N. S. 57), in which it appeared that the vendor had no title out of the domain.   In another recent case, that of *Pepper et al.*v. *Dunlap*, 9 Rob. 283, we gave relief to the purchaser on his showing that the claim of his vendor to the land had been rejected by the Land Commissioners, and that the land belonged to the domain, and had since the sale been patented to other persons by the government.   The case now before us is entirely different, inasmuch as the vendor is shown not only to have a title, but apparently an older one than those of the adverse occupants.

If the plaintiff had not paid the price, and he were now resisting a suit to recover it, the utmost relief which he could expect under the law, would be security on the part of his vendor to make good his title.

But it is contended that this is an action to compel the delivery of the land sold, which is one of the primary obligations of the vendor.

The Code declares that " the law considers the tradition, or delivery of immovables, as always accompanying the public act which transfers the property.   Every obstacle which the seller afterwards imposes to prevent the corporeal possession of the buyer, is considered as a trespass."   Art. 2455.

If the seller fails to make the delivery at the *time agreed on* between the parties, the buyer will be at liberty to demand either a cancelling of the sale, or his being put in possession, if the delay is occasioned only by the act of the seller (art. 2461) ; and this is the article, upon which the counsel say they rely, in their written brief.

Now, in this case, there was no agreement as to a delivery at a particular time, nor averment of a putting *in mora*,   On the contrary, as a part of the land was not possessed adversely, there is no ground for taking this out of the rule, that the tradition accompanies the public act ; and the buyer could at once have sued the adverse possessors of a part of the same tract, making his vendor a party in warranty.   After acknowledging in the act of sale that he was well acquainted with the land, he suffers six years to elapse without taking any steps ei-

ther against the occupants of a part of the land, or his own vendor and warrantor. We conclude he is not entitled to recover in this action.

It is, therefore, adjudged and ;decreed, that the judgment of the District Court be affirmed, with costs, reserving, however, to the plaintiff his recourse in warranty against the defendant.