### ARMSTRONG v. JAMES. (No. 1103.)

(Court of Civil Appeals of Texas. El Paso. March 25, 1920. Rehearing Denied April 15, 1920.)

1. **Specific performance** ⊜⇒14—**Contract for conveyance of third person's lot cannot be enforced.**

Plaintiff could not have specific performance of defendant's contract to convey a lot, title to which was vested in a third person under a conveyance to secure a debt; the third person's grantor insisting on his right of redemption and to reconveyance.

2. **Vendor and purchaser** ⊜⇒351(8)—**Purchaser from one without title can recover only amount paid and special damages.**

A vendee who contracts to purchase land from one who has no title, in the absence of fraud, can recover only the amount paid on the contract, if any, and such special damages, not including the loss of his bargain or the difference between the market and contract price of the land, as he may allege and prove.

Appeal from District Court, Taylor County; Harry Tom King, Judge.

Suit by C. W. Armstrong against Henry James. Judgment for defendant, and plaintiff appeals. Affirmed.

J. J. Butts, of Cisco, and W. J. Cunningham, of Abilene, for appellant.

Stinson, Chambers & Brooks, of Abilene, for appellee.

HIGGINS, J. Armstrong sued James, basing his cause of action upon a contract evidenced by letter reading as follows:

"Abilene, Texas. March 7, 1919.
"Mr. C. W. Armstrong, Wolf City, Texas— Dear Sir: Confirming our conversation of to-day, I hereby agree to sell you lot 3, block 105,

in the town of Cisco, Texas, being the lot deeded by T. G. Jackson to W. R. Keeble for the sum of $300.00 cash. Same to be paid on receipt of deed and satisfactory title. It is understood that the title is to be perfected and this trade shall not be binding on either party in case the title cannot be made satisfactory to you.
"Truly yours,          Henry James."

It was alleged in the petition that upon examination of title to the lot it was found that good and merchantable title was vested in W. R. Keeble, subject to certain tax deeds from which the land could be redeemed. The relief sought was a decree compelling James to cause or procure the land to be conveyed so as to vest in plaintiff good and merchantable title, and, in the alternative, for the recovery of $4,200 as damages; the same being the difference between the market value of the land and the contract price.

It appears from the evidence that the land was owned by a Mr. Jackson, who had conveyed the same to W. R. Keeble to secure a debt, and that when James refused to convey he assigned as the reason that Jackson was insisting on his right of redemption and that the property be reconveyed to him. At the time the contract was made by James the plaintiff gave James a check for $100 as earnest money and in part payment for the property, but this check was not cashed and was returned to plaintiff. At the time the contract was made plaintiff knew that title was not in James but in Keeble.

#### Opinion.

[1] Upon the facts stated decree for specific performance manifestly could not be rendered.

[2] As to the right of Armstrong to recover as damages the difference between the market and contract price of the land the authorities in this state are against him. The rule is thus stated in a recent opinion by the Commission of Appeals, viz.:

"From these authorities it seems to be the settled law in this state that a vendee who contracts to purchase land from one who has no title can, in the absence of fraud, recover only the amount paid on the contract, if any, and such special damages, not including the loss of his bargain, as he may allege and prove." Garcia v. Yzaguirre (Com. App.) 213 S. W. 236.

To the same effect see, also, Hall v. York, 22 Tex. 644; Wheeler v. Styles, 28 Tex. 240; Clifton v. Charles, 53 Tex. Civ. App. 448, 116 S. W. 121; Hahl v. West, 61 Tex. Civ. App. 431, 129 S. W. 876; Vacarezza v. Realty Inv. Co., 165 S. W. 516.

In the case at bar no question of fraud is presented; the check given in part payment of the purchase money was not cashed and

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

has been returned, and there is neither plea nor proof of any special damage sustained.

Under the rule announced in the cases cited the court properly instructed a verdict for defendant; the facts being undisputed.

Affirmed.