## LAKESIDE SANITARIUM v. DICKENS.
### (No. 6725.)

(Court of Civil Appeals of Texas. Austin. Feb. 13, 1924.)

**1. Limitation of actions ☞41—Cross-action for damages in action for services rendered defendant's insane wife held not barred by two-year statute.**

In an action to recover for services rendered defendant's insane wife at a sanitarium, a cross-action for damages sustained by defendant consisting of expenses incurred in going to see her, and growing out of a breach of plaintiff's contract to advise defendant if she was incurable, held not barred by the two-year statute of limitations.

**2. Pleading ☞147—Cross-action properly allowed as growing out of same transaction.**

If plaintiff, suing to recover for services rendered defendant's insane wife at sanitarium, had agreed to notify defendant at the end of four weeks whether a cure could be effected, but had failed to do so, and had induced defendant to continue treatment for a longer period, held, that a cross-action for damages sustained by defendant, consisting of expenses incurred in visiting his wife, after plaintiff knew she was incurable, was properly allowed under Rev. St. art. 1330, as growing out of the same transaction on which plaintiff sued.

**3. Physicians and surgeons ☞23—Recovery for laundry expenses and medicine furnished patient at sanitarium held unauthorized under contract.**

In action to recover for services rendered defendant's insane wife at a sanitarium under a contract which provided for a payment of $100 for treatment for the first four weeks, and $45 per week thereafter, but which contained no reference to any charge for items of laundry or medicine, held, that a recovery in addition to the contract price for such items was properly denied.

**4. Pleading ☞138—Recovery on cross-action unwarranted unless recovery could have been had in original suit thereon.**

A party to a suit cannot recover on a cross-action unless such recovery could have been had in an original suit thereon.

**5. Physicians and surgeons ☞19—Contract to make report on insanity held not established.**

Evidence that plaintiff doctor, upon receiving defendant's insane wife at a sanitarium for treatment, had stated that he thought he could tell at the end of four weeks whether defendant's wife should be further treated in the hospital, or whether she should be taken to an insane asylum, held insufficient to establish oral contract to advise defendant at the end of four weeks whether plaintiff could cure or improve her condition, a breach of which would support a cross-action by the husband when sued for services rendered the wife during a much greater period than the four weeks contemplated.

**6. Damages ☞23—Measure of damages for breach of contract stated.**

The measure of damages for the breach of a contract is either such damages as naturally arise in the usual course of things from the breach, or such as may reasonably have been in contemplation of the parties as a probable result of breach.

**7. Physicians and surgeons ☞19—Damages for breach of contract to make report on insanity held too remote.**

Where a husband, upon placing his insane wife in a sanitarium for treatment, was told by a doctor that he thought he would be able to state whether a cure could be effected at the end of four weeks, or whether the patient should be taken to an insane asylum, held that, if such statement be deemed a binding contract to make such report, damages for its breach in the form of expenses incurred by the husband in going to see his wife, and hotel bills on such trips, were too remote for recovery.

Appeal from Concho County Court; R. Davenport, Judge.

Action by the Lakeside Sanitarium against W. R. Dickens, Sr., wherein Thomas Dorbandt was substituted as plaintiff. From judgment for plaintiff in insufficient amount, he appeals. Affirmed in part, reversed in part, and rendered.

Bell & Bell, of San Antonio, for appellant. N. C. Walker, of San Saba, and Jas. M. Simpson, of Paint Rock, for appellee.

BAUGH, J. Appellant sued appellee in the county court of Bexar county for a balance of $222.16 due it under a written contract to treat his wife for insanity, and for $16.79 spent by it for laundry and $2.25 for medicine for her use and benefit while she was a patient in such sanitarium. The case was transferred to Concho county upon a plea of privilege, and, the corporation having been dissolved meantime, Dr. Thomas Dorbandt, sole owner, was substituted as plaintiff. The contract provided for payment by Dickens of $100 for the first four weeks and $45 per week thereafter so long as Mrs. Dickens remained in the sanitarium.

She was there, excepting four days, from November 2, 1920, to March 3, 1921. On February 20, 1923, Dickens filed his answer, and pleaded breach of contract by appellant, in that Dr. Dorbandt agreed at the time he put his wife in the sanitarium that he would advise him at the end of four weeks whether he could cure or improve her mental condition, and that, if he could not, then that Dickens could remove her from the sanitarium and put her in an insane asylum; that Dr. Dorbandt, well knowing at the end of four weeks that he could not improve her mind, induced appellee to keep his wife in said sanitarium until March 3, 1921, without any improvement whatever; and that appellee therefore owed him nothing under the contract sued upon.

In addition to such defense to the written contract. appellee pleaded, in a cross-action, this same oral contract as a separate and distinct contract from the written contract signed by him. In such cross-action he set up as damages flowing from its breach his expenses in making three trips from his home in Concho county to San Antonio to see his wife, his loss of time in doing so, and his additional expenses for board while staying in San Antonio. The jury, on special issues, found that appellee owed appellant on the written contract a balance of $222.16, found against appellant on the items for laundry and medicine, and awarded appellee on his cross-action damages in the sum of $160. On these findings the court rendered judgment for appellant for $62.16, from which judgment this appeal was perfected.

Appellant predicates error under three assignments:

First. That the court erred in submitting appellee's cross-action to the jury because (a) it was barred by the two-year statute of limitation; (b) because such cross-action should not be allowed under the law to offset a claim based upon a written contract; and (c) because appellee's damages, if any, were too remote and not in contemplation of the parties at the time.

Second. In the refusal of the jury to allow appellant judgment for the expense items for laundry and medicine incurred by it for the benefit of Mrs. Dickens.

Third. In rendering judgment for appellee for $160 on his cross-action.

[1, 2] There is no merit in the issue of limitation raised by appellant. Nor do we think the cross-action was improper under the statute. Article 1330, Revised Statutes, provides for such cross-action when same grows out of the same transaction on which plaintiff sued, as was clearly the case in this suit.

[3] Plaintiff sued upon a written. contract, which provided for payment of $100 fee for treatment of the patient and $45 per week after the expiration of four weeks. Nowhere in said contract is either board,

laundry, or medicine mentioned. These expenses were incidental to and necessary to the retention and continued treatment of the patient in the sanitarium. The jury had the contract before them, and evidently found that these items were to be paid by appellant out of the sums charged appellee for treatment. Having reduced his contract with appellee to writing, appellant should have specified what additional expenses of the patient, if any, should be charged against the appellee. Failing to do so, the jury was authorized to construe the contract most favorably to appellee. Brown v. Ins. Co., 89 Tex. 594, 35 S. W. 1060. We will not disturb their finding on this issue.

[4, 5] The trial court erred in rendering judgment for appellee on his cross-action. A party to a suit cannot recover by a cross-action unless such recovery could be had in an original suit thereon. In the instant case the contract asserted by appellee was oral. It was positively denied by Dorbandt, who was alleged to have made it. We have read carefully the agreed statement of facts, and the following is the only testimony we find as to such an agreement. W. R. Dickens, Sr., testified:

"That when he placed his wife in the Lakeside Sanitarium he had a talk with Dr. Dorbandt; that Dr. Dorbandt told him he thought he could tell him at the end of four weeks whether his wife should be further treated in the hospital or whether he should take her to the insane asylum."

Taken in its most favorable light, we do not think this could be considered as a contract on which a cause of action could be based. It appears rather to be merely an expression of an opinion.

[6, 7] But if such be treated as a contract, and if breached by appellant, we think the damages claimed are too remote to be recoverable. The rule in such cases is that the measure of damages for breach of a contract is either such damages as arise naturally—that is, in the usual course of things—from the breach, or such as may reasonably have been in contemplation of the parties at the time as the probable result of the breach. Telephone Co. v. Solomon, 54 Tex. Civ. App. 306, 117 S. W. 214; Freeman v. Clark (Tex. Civ. App.) 177 S. W. 1188; 8 R. C. L. § 25, p. 455 et seq. The damages that would naturally flow from a breach of the contract alleged by appellee would be his added expense in keeping his wife in the sanitarium, when, if Dorbandt had notified him that it was useless, he would have taken her out. There was nothing to indicate that if Mrs. Dickens had been put in the asylum her husband would not have incurred just as great an expense in going to see her or in remaining near her as he did incur for that purpose while she was in the sanitarium. Nor does it appear that it was either necessary or advisable for her husband to be near her or

to remain at San Antonio while she was being treated. On the other hand, the fact that the appellant, under the written contract, had complete control of her while she was in the sanitarium, and cared for her in every respect, rather indicates that his presence was not necessary, and negatives any contemplation of Dr. Dorbandt that appellee would incur the heavy expenses he alleges that he did incur for that purpose. He might have made such a trip every week, or might have stayed at a hotel which charged high rates, and just as properly charged same against appellant as the amount he does seek to recover, for nowhere does he show that such expenses were either necessary or reasonable. We are of the opinion that appellee proved no such contract as he pleaded in his cross-action; but, if we concede that he did, the damages alleged are too remote to be recovered, and no judgment therefor should have been rendered on his cross-action.

The judgment of the trial court in favor of appellant and against appellee for the sum of $222.16 is affirmed. The judgment of the trial court in favor of appellee on his cross-action against appellant for the sum of $160 is hereby reversed, and judgment here rendered that appellee take nothing against appellant in such cross-action, and that he pay all costs except such as were incurred prior to the transfer of said cause from Bexar county, Tex., to Concho county, Tex.; and it is so ordered.

Affirmed in part and in part reversed and rendered.