## HOUSTON PRODUCTION CO. v. TAYLOR et al.

### No. 1893.

Court of Civil Appeals of Texas. Beaumont.

July 29, 1930.

Rehearing Denied Dec. 3, 1930.

Baker, Botts, Parker & Garwood, of Houston, and E. B. Pickett, Jr., of Liberty, for appellant.

J. Llewellyn and Smith, Combs & Matthews, all of Liberty, for appellees.

WALKER, J.

This was an action by appellant, Houston Production Company, to recover of and from appellees H. Taylor and his minor children, for whom he was guardian, and H. Mecom and Mecom Oil Company, the receivership costs, its attorneys' fees, and other costs of preparing its defense, the costs of printing its briefs and certain court costs incurred by it in the preparation and presentation of its defense as one of the defendants in the lower court and one of the appellees on appeal in Taylor v. Higgins Oil & Fuel Company. Appellees' answer consisted of general and special demurrers and pleas of abatement and res adjudicata. The trial court heard evidence on the issues made by the plea in abatement, and entered its order sustaining this plea. The judgment then proceeded to sustain the demurrers, both general and special. The recitation is made in the judgment that, when these orders were announced by the trial court appellant declined to amend; whereupon its cause of action was dismissed. Exceptions were duly entered to all these rulings and this appeal regularly prosecuted therefrom.

As we understand appellant's brief, it waives the irregularity of sustaining the demurrers after the plea in abatement had been sustained, and asks us to determine the merits of its appeal upon the substantive law of the case.

As stated above, appellant was one of the defendants in the lower court and one of the appellees upon appeal of Taylor v. Higgins Oil & Fuel Company, decided by this court on the 11th day of January, 1928, opinion reported in 2 S.W.(2d) 288, under the style Taylor et al. v. Higgins Oil & Fuel Company et al. Petition for writ of error against our judgment was dismissed for want of jurisdiction. In its ultimate results that case, though filed as an action in trespass to try title, was a boundary suit between these appellees as plaintiffs, and against this appellant as defendant over the mineral rights to 1.27 acres of land owned in fee simple by appellee Taylor and his minor children. The facts of that case are fully set forth in our written opinion as reported. It appears therefrom that Mecom Oil Company was

claiming the 1.27 acres of land under a mineral lease duly executed by Taylor for himself and as guardian of his minor children. This appellant was claiming the land under a prior mineral lease duly executed by Taylor for himself and as guardian of his minor children. The issue was whether the 1.27 acres of land was in the boundaries of appellant's lease. The judgment of the lower court sustained the contention of appellant and awarded it the 1.27 acres of land. In addition to its rights under its lease, Mecom Oil Company also asserted a claim for improvements in good faith made under its lease. The judgment of the trial court was against Mecom Oil Company on that issue. Upon appeal this court fully sustained the judgment of the trial court in all respects, except upon the issue of the improvements in good faith. On that issue and that issue alone, the case was remanded for a new trial, with instructions to limit the trial to that single issue. When the case came on for trial again under our mandate this appellant filed a petition in cross-action against these appellees, who were plaintiffs on the issue of improvements in good faith, praying for recovery against them of the following items of special damages:

Surveyors:
C. N. Black......................... $ 442 50
R. G. Partlow...................... 697 50
R. C. Wilcox....................... 198 50
W. S. Gillespie.................... 11 00 $ 1,349 50

Attorneys' Fees:
Baker, Botts, Parker & Garwood $13,250 00
E. B. Pickett, Jr.................. 13,250 00 26,500 00

Incidental Expenses:
E. B. Pickett, Jr.................. $ 137 15
Baker, Botts, Parker & Garwood 181 82 318 97

Court Reporter:
A. C. Fridge....................... $ 55 65 55 65
Printing:
C. C. Young Printing Company
Printing Briefs.................. 247 50 247 50
Court Costs:
Court of Civil Appeals at Beaumont ............................. 1,017 00 1,017 00
Auditor's Report for Receiver:
F. G. Masquelette & Co.......... 117 00 117 00

Total ................................... $29,605 64

It also prayed that appellees be charged with the costs of the receivership totaling $5,821 itemized by it as follows:

Salary of H. A. Dismuke as Receiver....... $5,600 00
Fee Paid for Receiver's bond.................. 125 00
Expense incurred by said Receiver.......... 96 00

Totaling ................................... $5,821 00

The prayer was that all these items of expense be charged against the royalty interests of appellees Taylor and his minor children at that time in the hands of the receiver. As grounds for recovering these several items of expense, appellant pleaded that the 1.27 acres of land in controversy in Taylor v. Higgins Oil & Fuel Company was within the boundaries of the lease claimed by it under Taylor individually and as guardian of his minor children; that, after having executed appellant's lease, Taylor willfully, wrongfully, and unlawfully, and in violation of the duty owed by him to appellant, executed the lease under which appellee Mecom Oil Company claimed; that the execution of this lease by Taylor and the assertion of affirmative rights thereunder by Mecom Oil Company and the entry upon the land under its lease by Mecom Oil Company constituted both an actual and a constructive ouster against appellant; that to protect its interest under its lease it was forced and compelled to employ surveyors for the purpose of surveying its boundaries; that it was forced and compelled to employ attorneys to present its defense in the lower court and to protect its rights on appeal, and that in doing this its attorneys incurred certain necessary incidental expenses; that it was forced and compelled to employ the services of a court reporter; that it was forced and compelled to have its briefs printed; that it was forced and compelled, under orders of this court, to pay certain court costs; that pending the litigation, in order to protect its rights, it was forced and compelled to ask for the appointment of a receiver, which was granted; that the receiver, in the discharge of his duties, incurred certain necessary expenses; that it became necessary to have the account of the receiver audited. All these several items of expense were itemized by appellant as above given, with the additional statement that all such expenses were necessary and reasonable. The prayer was, as stated above, that it recover the items of expense incurred by it against appellees, and that it have an order directing that its judgment be paid from the royalty interests of Taylor and his minor children held by the receiver, and that the costs of the receivership be charged against the royalty interests of Taylor and his minor children, and that the court enter judgment finally closing said receivership.

Pretermitting a discussion of the assignments and propositions against the judgment of the lower court in sustaining the plea in abatement, it is our judgment that the lower court correctly sustained the demurrers, except as to the prayer that final judgment be entered closing the receivership.

Opinion.

■ In the absence of an express agreement to pay attorneys' fees, this item of expense to a litigant is never allowed as an item of recovery against his adversary, except by way of punitive damages upon allegations of "fraud, imposition or malicious conduct." Turner v. Miller, 42 Tex. 418, 19 Am. Rep. 47. In Alexander v. Walker (Tex. Civ. App.) 239 S. W. 309, 315, it was said: "It has often been ruled, in this state and elsewhere, that

fees of counsel, incurred in prosecuting a suit for or defending against a wrong, are not ordinarily recoverable as actual damages, because they are not considered proximate results of such wrong. Landa v. Obert, 45 Tex. 547; Railway Co. v. Oram, 49 Tex. 346; Findley v. Mitchell, 50 Tex. 147; Railway Co. v. Ware, 74 Tex. 50, 11 S. W. 918; Flack v. Neill, 22 Tex. 253. In cases where the wrong consists of a malicious act, or the perpetration of a fraud, in which punitory damages are claimed, evidence of such losses is admissible to be considered by the jury in determining the amount which should be allowed as such damages."

No issue was made that appellees promised to pay the item of attorneys' fees, nor do we understand that appellant even asserts the claim of punitive damages. The attorneys' fees, together with the other items of expense, are pleaded as items of actual damage, and there are no allegations upon which the recovery could be allowed as a "punishment" against appellees. The authorities cited clearly deny appellants' right to recover the item of attorneys' fees pleaded in the sum of $26,500, and the additional item of $318.97 as incidental expenses incurred by its attorneys. We think the items of $1,349.50, paid by appellants to their surveyors for preparing its defense in Taylor v. Higgins Oil & Fuel Company, $247.50 for printing its briefs in that case, and $55.65 to the court reporter, are controlled by the same principles of law that deny its right to recover the attorneys' fees. An examination of the opinion in Taylor v. Higgins Oil & Fuel Company shows the absolute necessity for these several items, but no court in Texas has ever allowed such items as elements of actual damages to be recovered by the successful tenant in litigation with his landlord. These items were no more necessary to the defense than the services of the able attorneys who represented this appellant in the trial of that case. It is our conclusion that the demurrer was properly sustained against all these last-named items.

█ The item of court costs in the sum of $1,017 incurred in the trial court and on the appeal of Taylor v. Higgins Oil & Fuel Company was affirmatively adjudged by us against appellant. This judgment is a perpetual bar against appellant's right to assert this claim.

██ Though the expenses of the receivership must be paid from the funds in the hands of the receiver, the general rule is that these expenses should come from the party whose wrongful act made the appointment of the receiver necessary in order to preserve the property during the litigation. But the facts of this case clearly take it out of the general rule.

Appellant did not abandon its claim under its lease and sue for damages for breach thereof, but, as appears from the opinion in Taylor v. Higgins Oil & Fuel Company, affirmatively asserted its rights under its lease contract, and to protect its rights asked for and secured the appointment of the receiver, whose expenses are now before us for adjudication.

Under its mineral lease appellant was bound to develop the 1.27 acres of land for oil and then deliver to Taylor and his minor children one-seventh of the oil produced therefrom free of all cost to them. Under the allegations of appellant's petition on this count, the receiver simply discharged for it the duty owed by it to Taylor and his minor children. If the costs of the receivership should be taxed against Taylor and his children, then they would be paying all the costs of production under a contract whereby their part of the oil was to be delivered to them by appellant free of costs. In other words, by the simple act of securing the appointment of the receiver, appellant would shift from its shoulders the cost of producing the oil and charge this cost against its lessors. This was not the contract. Therefore, the costs of the receivership should be charged against appellant, and the royalty interest of Taylor and his minor children should be delivered to them free of all costs of production. We think the facts of this case are practically on all fours with the facts in O'Neil v. Sun Company, 58 Tex. Civ. App. 167, 123 S. W. 172, 176 (writ of error refused), where, in adjudging the costs of the receivership against the lessee, who had secured the appointment of the receiver, it was said: "In order to make our view better understood in one particular, we may explain that O'Neil's interest in the oil produced from this piece of ground was fixed by the contract as one-sixth of the oil produced, which meant that the expense of production was to be borne by the Sun Company and none of it by O'Neil. If the well had been installed in the regular way, and the same oil had been produced by the Sun Company, instead of by a receiver, the expenses of production would have fallen on the Sun Company, and we see no reason why, because the same expense was incurred through the agency of a receiver, whom the Sun Company saw proper to apply for, for the purpose, it should escape from its contract obligation to discharge such expense. The receiver was appointed by mutual agreement between plaintiff and defendant, without prejudice to the rights and contentions of either party, to take charge of and operate said oil well. This is expressly alleged in the petition. We do not question the power of the court to have a receiver's expenses allowed to him out of the property or funds in his hands. Nor do we question the propriety of allowing a court certain discretion and latitude in equitably adjudging such expense against one party in favor of another, as be-

tween the litigants, in a proper state of facts; but we think that, under the arrangement between these parties, the cost of production should, as a matter of contract, be borne by the Sun Company, and especially so where its suit and its prayer are predicated upon the contract."

While the lower court correctly sustained appellees' demurrers against appellant's cause of action for damages, it clearly appears from appellant's petition that it had the right to ask for the discharge of the receiver and a final closing of the receivership. On this issue the lower court erred in dismissing appellant's petition. It is, therefore, our order that the judgment of the lower court, in so far as it sustained the demurrers to appellant's cause of action for the several items of damage itemized in its petition, be, and the same is hereby, in all things sustained, but that its judgment in dismissing the prayer for the closing of the receivership be reversed and the cause be remanded to the lower court, with instructions to enter the proper orders closing the receivership, under the instructions set forth in this opinion.

Affirmed in part, and in part reversed and remanded, with instructions.