EAGLE PASS LUMBER CO. et al. v. THE AMORTIBANC.

No. 10409.

Court of Civil Appeals of Texas. San Antonio.

Jan. 4, 1939.

Rehearing Denied Feb. 1, 1939.

Abney & Whitelaw, of Brownsville, for appellants.

Clarence S. Bennett and West & Hightower, all of Brownsville, for appellee.

MURRAY, Justice.

This suit was instituted by The Amortibanc, a corporation, against Eagle Pass Lumber Company, a corporation, and W. E. Heaner, seeking to recover the value of certain lots situated in Colonia Victoria, an addition to the City of Brownsville, Cameron County, which the Eagle Pass Lumber Company and Heaner had contracted to convey to the assignor of The Amortibanc, Texas Building and Loan Association.

The case was submitted to a jury on two special issues, one asking the jury the market value of Lot 19, Colonia Victoria, which the jury found to be $75, and the other enquiring the value of Lots 22 and 23, Colonia Victoria, which the jury found to be $235.

The trial court rendered judgment against W. E. Heaner in the sum of $149.-30, which included the value of Lot 19, plus taxes and insurance paid by The Amortibanc upon said Lot 19, and against the Eagle Pass Lumber Company in the sum of $412.34, which included the value of Lots Nos. 22 and 23, together with taxes and insurance paid by The Amortibanc on said lots. From this judgment W. E. Heaner and Eagle Pass Lumber Company have appealed.

The Eagle Pass Lumber Company and W. E. Heaner had in the past transferred and assigned to the Texas Building and Loan Association various indebtednesses, with recourse. In consideration of being released from this contingent liability the Eagle Pass Lumber Company agreed to convey, among other property, Lots 22 and 23, to the Texas Building and Loan Association, and W. E. Heaner agreed to convey to it Lot 19. Afterwards the Texas Building and Loan Association transferred and assigned all of its assets to The Amortibanc, including its contract with appellants to convey these three lots.

The evidence shows that Heaner. executed a deed to Lot 19 and delivered it to the proper officer of the Building and Loan Association. This deed was misplaced, or for some other reason was never placed of record in Cameron County. The Eagle Pass Lumber Company was unable to acquire title to Lots 22 and 23, and for that reason it was unable to convey the same to the Texas Building and Loan Association or its assignee, The Amortibanc.

The trial court was in error in rendering judgment against Heaner in any sum, as he had not breached his contract, but, on the other hand, had complied fully with same. This is especially true in view of the fact that Heaner offered to execute a new deed in the event the first deed had been lost or misplaced. If there were delinquent taxes due on Lot 19, this would involve a suit on his warranty and not a suit for a breach of contract.

The trial court erred in rendering judgment against the Eagle Pass Lumber Company because no proper measure of damages was alleged or proved. The record shows that there was but one reason for the Lumber Company not conveying Lots 22 and 23, to-wit, it could not get title to these lots. There was no fraud and no wilfulness in its failure to convey. Under such circumstances all that appellee, The Amortibanc, would be entitled to recover on the contract would be the purchase price paid for the lots, with interest from the date of payment, at the rate of 6%. Kelly v. Simon et al., Tex. Civ.App., 262 S.W. 202; Spencer v. Davis, Tex.Civ.App., 298 S.W. 443; Garcia v. Yzaguirre, Tex.Com.App., 213 S.W. 236; Roberts & Corley et al. v. McFadden, Weiss & Kyle, 32 Tex.Civ.App. 47, 74 S.W. 105; Clifton v. Charles, 53 Tex.Civ.App. 448, 116 S.W. 120; Dobson v. Zimmerman, 55 Tex.Civ.App. 394, 118 S.W. 236; Hahl & Co. v. West, 61 Tex.Civ.App. 431, 129 S.W. 876; Hall v. York's Adm'r, 22 Tex. 641, 644. There is no allegation or proof as to the value of anything paid as purchase price for these lots. The general demurrer should have been sustained by the trial court, as there were insufficient pleadings to state a cause of action.

The judgment will be reversed and the cause remanded.