## DERBONNE v. BURTON.
### No. 1996.

Court of Appeal of Louisiana. First Circuit.
June 6, 1939.

Chas. C. Jaubert, of Lake Charles, for appellant.

McCoy, King & Jones, of Lake Charles, for appellee.

DORE, Judge.

Plaintiff appeals from a judgment sustaining an exception of no cause of action. In her petition, plaintiff makes allegations of fact, which for the purpose of the exception must be accepted as true, as follows:

That she purchased by notarial act from the defendant a certain tract of land in the Parish of Calcasieu; that she requested delivery of the property after the act of sale was passed, but that defendant failed and refused to give her possession for the reason that other parties, under prior agreement with defendant, were in possession and refused to give up possession, and that defendant failed and refused to take any step to dispossess them of the said property. That because of defendant's refusal and failure to put her in possession of the property sold her, she has suffered damage in the sum of $1,267, itemized as follows: $1,000 for mental pain and suffering; $50 for injury to the property by the persons in possession; $20 for cost and expense of trips to Lake Charles in the attempt to obtain possession; $17 for meals and lodging in Lake Charles on such trips; and $180 for rent which she had to pay at Alexandria from February 1 to August 1, at the rate of $30 per month, on account of her inability to obtain possession of the premises purchased. She alleges additional damage at the rate of $30 per month from

August 1, 1938, for rent she will pay at Alexandria, until delivery of the premises. She prays for judgment against the defendant for the amounts set forth, and for an order to compel him to deliver the property to her within a reasonable time, or, in other words, for specific performance of the contract of sale.

Under the provisions of Article 2475 of the Civil Code, the seller is bound to two principal obligations: (1) That of delivery and (2) that of warranting the thing which he sells. These obligations are distinct, and it is our opinion that the obligation of delivery is the primary obligation to be fulfilled. If the seller is not in possession of the thing sold at the time of the sale, he must redeem it at his cost and deliver it to the buyer. Civ.Code, Arts. 2482 and 2483. And under the provisions of Articles 2485 and 2486 of the Civil Code, if the seller fails to deliver the thing sold at the time agreed upon, the buyer may demand a cancellation of the sale, or may demand to be put in possession. In all cases, the seller is liable for all damage to the buyer occasioned by the non-delivery.

In the recent case of Franton v. Rusca, 187 La. 578, 175 So. 66, the Supreme Court held that a purchaser who is not given possession of property for which he has received a title, because the property is in the possession of a third party under a prior agreement with the seller, has a claim for damages against the seller for the loss of use of the property, the loss of time and expenses occasioned by the non-delivery.

Following that decision, and the articles of the Civil Code cited supra, the plaintiff is entitled to show damages caused by her deprivation of the use of the property from February 1, 1938, the date of her acquisition, until delivery; that is, a reasonable value of the use of the property purchased by her from defendant and not what she paid as rent on property at Alexandria. Plaintiff would also be entitled to the reasonable expense she incurred in getting possession of the property; but as to her claim for mental pain and suffering, we feel that such a claim is too remote to be allowed.

Plaintiff's demand for specific performance cannot be maintained. It is shown by the petition that the property in question is in the hands of third persons, and the defendant cannot be ordered to deliver property possessed by others. Clap-

ham et al. v. Clayton et al., 118 La. 419, 43 So. 36; Laurans v. Garnier, 10 Rob. 425.

In our opinion, the petition herein reveals that plaintiff has a cause of action under the views expressed herein, particularly under the decision in Franton v. Rusca, supra, but fails properly to allege such cause of action. We feel, therefore, that the exception should be sustained, but that the dismissal of plaintiff's suit should be as of non-suit.

For these reasons, the judgment appealed from is amended by ordering the dismissal of plaintiff's suit as in case of non-suit, and, as thus amended, it is affirmed.