**FIRST NATIONAL BANK OF HICO v. ENGLISH.**

No. 2972.

Court of Civil Appeals of Texas. Waco.

May 24, 1951.

H. W. Allen, Hamilton, Jos. A. Chandler, Stephenville, for appellant.

G. H. Williamson, Chas. Nordyke, Stephenville, for appellee.

TIREY, Justice.

Thos. M. English, a depositor of the First National Bank of Hico, sued the Bank to recover the sum of $500 for money he deposited in the Bank and not repaid to him, and a further sum of $100 which he alleged was a reasonable and necessary expense incurred by him in traveling from New York City to Hico to investigate the non-payment of his check drawn on said Bank.

The jury found that plaintiff made a deposit in the bank on September 21, 1946, for $550 and instructed the bank not to mail any statement of his account to him for the reason that he could leave no permanent mailing address; that about the last business day of November, 1946, the bank mailed a statement together with cancelled checks to the plaintiff addressed to him at Hico, Texas and that plaintiff did not receive such statement and cancelled checks; that for a period of two years subsequent to December, 1946 (the date plaintiff testified that he received no-

tice that his check had been turned down) plaintiff was in the armed forces of the United States and that for a period of more than one year subsequent to the last business day of November, 1946, the plaintiff was a member of the armed forces of the United States; that the check for $400 presented to the bank by one Jake English and cashed by said bank did not bear the genuine signature of the plaintiff Thos. M. English and that the check in the sum of $100 drawn against the account of plaintiff and cashed by said bank did not bear the genuine signature of the plaintiff; that the plaintiff necessarily incurred expenses in making a trip from New York City to Hico to ascertain the facts as to why the bank refused payment of his check and that the sum of $100 was reasonably and necessarily expended by plaintiff on such trip. It is without dispute that plaintiff was in the Navy and in uniform at the time he made the deposit; that thereafter, at Roanoke, Virginia, plaintiff issued a check against his account for $25 which was paid. Thereafter, the exact time not given, plaintiff's brother, Jake English, presented two checks to the bank for payment, one for $400 and one for $100, payable to him, which purported to bear the genuine signature of the plaintiff, which checks were honored by the bank. The $400 check was transferred and credited to plaintiff's brother's account and the $100 check appears to have been paid in currency to plaintiff's brother; subsequent to the foregoing transaction the plaintiff issued and delivered his check on said bank to a man in Switzerland for the amount of $424 and in December, 1946, the plaintiff received notice that the check for $424 had not been paid and had been returned, marked "Insufficient Funds." Plaintiff also tendered testimony to the effect that when his ship returned to New York, that he got a 30 day leave and came to Hico for the purpose of investigating this matter and thereafter deposited the sum of $399 in the bank so as to pay the check for $424 which he had given to the man in Switzerland.

The bank seasonably filed motion for instructed verdict, which was overruled, and after the verdict was returned defendant filed motion for judgment non obstante veredicto and motion to disregard the jury findings. Each of the foregoing motions of defendant was overruled, and the court granted plaintiff's motion for judgment and entered judgment in favor of plaintiff against the bank for $600, and the judgment recites "Five Hundred ($500.00) Dollars of which is for money deposited by plaintiff in defendant bank, and not repaid to plaintiff, and One Hundred ($100.00) Dollars of which is for reasonable and necessary expenses, as found by the jury, plaintiff incurred in traveling from New York City to Hico, Texas, to investigate the non payment of his check * * *." The bank seasonably perfected its appeal.

Appellant's first point is to the effect that the trial court erred in rendering judgment for the plaintiff because plaintiff's suit against the bank was one for conversion when the evidence is without dispute that plaintiff deposited his money in the bank and that plaintiff's suit, if any he had, was one for debt and not conversion. We are not in accord with the appellant's appraisal of the plaintiff's original petition. We have carefully considered this pleading and do not believe that it is subject to the construction placed on it by appellant. It is true that plaintiff does say in paragraph 5 "that by reason of his depositing said money in said defendant bank subject to his demand check the defendant then and there became bound and obligated to pay this plaintiff this $550.00 on his demand with his written check and that defendant's failure and refusal to pay the remaining $500.00 of said deposit on the demand of plaintiff amounts to a conversion of said $500.00 by the defendant, which $500.00 was the property of this plaintiff." Plaintiff had previously set out in detail the facts concerning his deposit and the failure of the defendant bank to honor his checks, and we think the pleading on the whole shows the relationship of debtor and creditor existing between the bank and plaintiff, and that the plaintiff's statement in his pleading to the effect that the bank's action amounts to a conversion of the $500 is an erroneous conclusion of

law by the pleader that does not change the character or nature of the pleading. Rule 45, Texas Rules of Civil Procedure, provides in part: "All pleadings shall be so construed as to do substantial justice." City of Waco v. Teague, Tex.Civ.App., 168 S.W.2d 521, points 8–9, page 524. See also Sims v. Trinity Farms Construction Co., Tex.Civ.App., 28 S.W.2d 856; Thompson v. Pure Oil Co., Tex.Civ.App., 113 S.W.2d 662; Oil and Products of Oil in Certain Pits in Gregg County v. State, Tex.Civ. App., 118 S.W.2d 618.

■ Appellant's second point is to the effect that the court erred in rendering judgment in favor of the plaintiff because the evidence was without dispute that the money in plaintiff's account was paid out by the bank on checks drawn on such account and that such canceled checks were mailed to plaintiff on November 30, 1946, with the bank's statement to the plaintiff's address as shown by the records of the bank, and that plaintiff did not within one year from the time the checks were paid notify the bank in writing that the checks were forged, unauthorized, raised or altered, and since plaintiff's suit was not filed until February 21, 1949, Art. 342–711, Vernon's Ann.Civ.Stats. applied and plaintiff's cause of action was barred under said article. We are not in accord with this view.

■ First of all, the jury found that plaintiff had not drawn or authorized the drawing of the checks and further found that appellee had never received such cancelled checks so mailed, and the jury further found that at the time plaintiff made the deposit he instructed said bank not to mail any statements of his account to him as he could leave no permanent mailing address. The evidence is sufficient to sustain each of these findings. Moreover, it was without dispute that the bank knew that plaintiff was in the armed forces (the Navy) and was in uniform at the time he made the deposit. It is our view that since plaintiff was in the military service such period of military service should not be included in computing limitation against him and that Art. 342–711, supra, does not apply here. See Soldiers' and Sailors' Civil Relief Act of 1940, as amended October 6, 1942, Title 50 U.S.C.A.Appendix § 525, and cases there collated. See also Crawford v. Adams, Tex.Civ.App., 213 S.W.2d 721, points 1 and 3, writ ref. n. r. e; 5 Tex.Digest, Army & Navy, ▆▆▆

■ Appellant's third point is in effect that the trial court erred in rendering judgment in favor of plaintiff because the undisputed testimony was that plaintiff learned in December, 1946, that the money had been paid out and charged to his account in the bank and he did not file this suit until February 21, 1949, more than two years after his alleged cause of action arose. Since plaintiff was in the service at the time he made the deposit and remained in the service until October, 1948, and since the suit was filed February 21, 1949, it is obvious that the two-year statute of limitations, see Art. 5526, sec. 2, Vernon's Ann.Civ.Stats., is not applicable here for the reasons above stated, and this point is overruled.

■ Appellant's fourth point is substantially that the court erred in rendering judgment for the sum of $100 damages for expenses of the plaintiff which he incurred in traveling from New York City to Hico and return because such damages were not foreseeable and were too remote and not based upon any legal right existing in favor of plaintiff against defendant. We sustain this contention. The plaintiff pleaded substantially that he had so arranged his financial obligations with respect to said $500 that when defendant refused said payment plaintiff had to make other financial arrangements which necessitated travel and expense resulting in his damage in the sum of $100. Defendant seasonably excepted to this allegation on the ground that it was not foreseeable. Defendant also pointed this error out in its motion to disregard the jury findings and further in its motion for judgment non obstante veredicto and in its amended motion for new trial. Each of the foregoing motions was overruled. Appellant in his brief says: "The money expended by Thos. M. English in travel from New York City to Hico and returning is not an element of damage that could be foreseen by the parties to this suit at the time the deposit was made in September,

1946, by plaintiff in defendant bank. * * *" We share this view.

 "Actual damages are said to be either general or special. The term 'general damages' is applied to loss, damage or injury which is conclusively presumed to have been foreseen or contemplated by the party as a consequence of his breach of the contract or wrongful act, whereas 'special damages' signifies injurious consequences which are not deemed as a matter of law to have been foreseen, but which are shown as a matter of fact to have been contemplated or anticipated by the defendant." 13 Tex.Jur. sec. 9, p. 76. In Texas & Pacific Ry. Co. v. Mercer, 127 Tex. 220, 90 S.W.2d 557, 559, 106 A.L.R. 1299 (Com. Apps. opinion adopted by S.Ct.), we find this statement of the rule as to special damages: " * * * the defendant would not be liable unless it had notice that they would likely flow from its wrongful act." It is obvious that the verdict by the jury of $500 was the "general damages" sustained by plaintiff and the award of $100 was for "special damages". We have carefully examined the testimony tendered and we think that the plaintiff wholly failed to show that the bank at the time it accepted the deposit could have foreseen that it would have paid out of plaintiff's account the $400 check and the $100 check on a forged signature, or that the plaintiff would have incurred the expense of traveling from New York City to Hico and return for the purpose of making an investigation of his account when he obtained knowledge of the fact that a check drawn by him in the sum of $424 against the account had been dishonored. The rule as to contracts is: " * * * a party may be held liable in case of an infraction of his agreement for all damages which may be shown to have been within the contemplation of the contracting parties * * *." See 13 Tex.Jur. sec. 8, p. 75. Much has been written on this subject, and in Texas & Pac. Railway Co. v. Bigham, 90 Tex. 223, 38 S.W. 162, 163, we find this statement: "It would seem that there is neither a legal nor a moral obligation to guard against that which cannot be foreseen, and under such circumstances the duty of fore-

sight should not be arbitrarily imputed." We think the foregoing statement is peculiarly applicable here. See also: City of Dallas v. Maxwell, Tex.Com.App., 248 S.W. 667, 27 A.L.R. 927; Commonwealth of Mass. v. Davis, 140 Tex. 398, 168 S.W.2d 216.

It follows from what we have said that the judgment of the trial court is affirmed insofar as the award of $500 is concerned. The award of $100 for special damages by the trial court is reversed and that part of the judgment is here rendered in favor of the bank. The costs of this appeal are taxed against the appellee. Accordingly, the judgment of the trial court is affirmed in part and reversed and rendered in part.