The HARRISON–DANIELS CO., Appellant,

v.

J. D. AUGHTRY, Appellee.

No. 15356.

Court of Civil Appeals of Texas.

Dallas.

Jan. 3, 1958.

Rehearing Denied Jan. 31, 1958.

Worsham, Forsythe & Riley and William Woodburn, Dallas, for appellant.

John C. Cain and O. M. Stubblefield, Dallas, for appellee.

DIXON, Chief Justice.

This is a suit for damages for delay in performance of a contract for the conveyance of title and delivery of possession of land.

On October 1, 1955 appellant Harrison-Daniels Company, a corporation, acting by and through its vice-president, John R. Harrison, as owner and seller entered into a written contract with appellee J. D. Aughtry as purchaser, whereby for a consideration of $37,000 the company bound itself to convey by warranty deed a good and merchantable title and to deliver possession to purchaser of about 380 acres of farm land in Cooke County, Texas. The contract provided that possession should be given to the purchaser not later than January 1, 1956. Appellee placed $3,700 in escrow as earnest money.

After appellee Aughtry had approved title and requested performance it was discovered that one Alvin Barthold, a tenant in possession of the land, claimed he had a lease for the entire year of 1956. Barthold refused to move off the property; consequently appellant was unable to deliver possession to appellee Aughtry on January 1, 1956, as it had bound itself to do. Appellant offered to execute a deed and to give such possession as it could under the circumstances, but appellee refused to accept title and possession subject to Barthold's claim of possession as tenant for the year 1956.

The matter dragged along for the entire year of 1956. Finally when Barthold moved off the premises at the end of 1956, appellant conveyed title and possession to appellee, who went into possession of the farm on January 1, 1957, one year later than the possession date called for in the contract. Thus the contract was fully performed by appellant as to all material terms, except that there was a delay of one year in the performance by appellant.

Meantime appellee had filed suit for specific performance, and in the alternative for damages. The defendants were the Harrison-Daniels Company, a corporation, John R. Harrison, the corporation's vice-president, who had signed the contract, and Barthold, the tenant. However by the time the suit came on for trial on January 11, 1957, appellant had finally conveyed and appellee had accepted title and possession of the land. Thus the action for specific performance went out of the case, leaving for adjudication only appellee's action for damages for delay in performance.

In a jury trial only three issues were submitted and they were answered as follows: (1) Appellee J. D. Aughtry suffered damages by reason of appellant's failure to make delivery of possession not later than January 1, 1956; (2) appellee J. D. Aughtry was required to incur "additional expenses" by reason of said failure; and (3) the reasonable annual rental of the farm in the condition it was in at the time possession was to have been delivered on January 1, 1956 was $2,000. No issue was submitted as to the nature or amounts of the "additional expenses."

On March 22, 1957 the trial court entered judgment against appellant Harrison-Daniels Company, a corporation, for $3,587.80, being $2,000 as reasonable rental of the farm for one year, and $1,587.80 for "travel expenses and other items of expense" incurred by appellee in connection with the deal. The trial judge, not the jury, made the finding that appellee had incurred expenses in the amount of $1,587.80. A directed verdict was granted Barthold, the tenant. No issues were submitted as to Harrison, and judgment was entered in his favor.

In its first point on appeal appellant says the court should have sustained its motion for directed verdict, because as a matter of law appellee as vendee was entitled only to special damages, which were not established in this suit by the testimony. In support of this contention appellant cites us to several cases wherein it is held that in the absence of fraud the measure of dam-

ages where a vendor is unable to make title as agreed, is the amount of the purchase money paid plus interest from the time of payment, plus such special damages as the vendee may allege and prove. The cases cited by appellant are: Nelson v. Jenkins, Tex.Civ.App., 214 S.W.2d 140; Eagle Pass Lumber Co. v. The Amortibanc, Tex.Civ. App., 124 S.W.2d 186; Kelly v. Simon, Tex.Civ.App., 262 S.W. 202; Armstrong v. James, Tex.Civ.App., 220 S.W. 420; and Garcia v. Yzaguirre, Tex.Com.App., 213 S.W. 236. See also 43–A Tex.Jur. 698.

We do not disagree with the holdings of the above authorities, but in our opinion said holdings are not applicable to the facts of this case. In every one of the above cited cases the vendor never did perform his contract to convey title and possession. The sale of the land involved was never consummated. Here we have an entirely different situation. Appellant Harrison-Daniels Company was finally, though tardily, able to convey title and to deliver possession, which title and possession, tendered a year late, were accepted by appellee as purchaser. Thus appellant performed its contract in every particular except for the delay of one year.

Though there is some conflict in the authorities, it is our opinion that the proper measure of ordinary or general damages (as distinguished from special damages) for delay in performance of a contract to convey title to land and a consequent withholding of possession, is the reasonable rental value of the land for the time the purchaser is kept out of possession. No Texas case in point has come to our attention, but the question has been reviewed in other jurisdictions. Lifton v. Harshman, 90 Cal.App.2d 180, 202 P.2d 858; Sanders v. Detlaff, 218 Mich. 471, 188 N.W. 446; Derbonne v. Burton, La. App., 189 So. 473; 92 C.J.S. Vendor & Purchaser § 606, p. 655. In Sanders v. Detlaff, supra, it was held that such damages are recoverable though the vendee knew that the property was in possession of a tenant claiming a lease, the vendee having a right to assume that the vendor could and would give possession according to the terms of the contract. Appellant's first point is overruled.

In its second to twelfth points, inclusive, appellant attacks the court's action in including in the judgment the sum of $1,587.-80 incurred by appellee as expenses. Summarized, these points are: The court erred in admitting testimony of appellee as to his traveling, living and other expenses incurred in the lawsuit because (1) there is no pleading to support the testimony, and besides (2) said items are not recoverable as actual damages in a suit of this kind; and it was error to submit special issue No. 2 because (a) there was no pleading to support the submission of the issue, (b) the expenses contemplated are not recoverable as actual damages, but (c) if recoverable at all, are recoverable only as special damages, and (d) they are not specifically stated in appellee's pleadings, and (e) were not shown to have been in contemplation of the parties at the time the contract was executed; (f) no issue on the question was submitted to the jury, and (g) there was no evidence that such expenses were reasonable and necessary.

There is a variance between appellee's pleadings and his testimony as to the expenses in question. He pled these expenses: (1) Costs in connection with making necessary arrangements for a loan; (2) obtaining legal assistance; and (3) traveling back and forth from the land located in Cooke County to his home in Dallas County, Texas.

Appellee testified that he lived in the Dominican Republic, and that "in connection with this lawsuit" he had incurred these expenses: (1) Transportation fare for two round trips from Dominican Republic to Dallas, Texas, $708; (2) living expenses while in Dallas $765; (3) travel expenses from Dallas to Cooke County $35; and (4) telephone calls $54.80. He further testified that his expenses "exclusive of at-

torney's fees" amounted to $1,533 plus telephone calls of $54.80, making a total of $1,587.80—the amount allowed him in the judgment as "travel expenses and other items of expense."

Appellant objected to the above testimony and to the submission of special issue No. 2, but its objections were overruled.

■ It was error to allow appellee the sum of $1,587.80 as traveling expenses and other expenses, because (1) appellee's pleadings do not support said finding; (2) no issue was submitted and no finding made by the jury as to the nature and amounts of said expenses; (3) such expenses are not recoverable as general or ordinary damages; Brandtjen & Kluge v. Manney, Tex. Civ.App., 238 S.W.2d 609; Houston Production Co. v. Taylor, Tex.Civ.App., 33 S.W.2d 202; Kubena v. Mikulascik, Tex. Civ.App., 228 S.W. 1105; 13 Tex.Jur. 254, and cases there cited; (4) there is insufficient evidence to establish that such expenses were necessary, (5) there is no evidence that such expense charges were reasonable in amount; Dallas Ry. & Terminal Co. v. Gossett, Tex., 294 S.W.2d 377; (6) no findings were made that such expenses were in the contemplation of the parties at the time the contract was executed—a necessary element if the expenses are considered as special damages; and (7) neither appellee's pleadings nor (8) his testimony will support a finding of such expenses as special damages; First National Bank of Hico v. English, Tex.Civ.App., 240 S.W.2d 503; Lakeside Sanitarium v. Dickens, Tex.Civ.App., 259 S.W. 1110; 13 Tex. Jur. 93, 400–404; Rule 56, Texas Rules of Civil Procedure. Appellant's second to twelfth points on appeal are sustained.

Appellee briefs his "Point of Error No. 2" in which he asserts that the court erred in not permitting him to testify as to his plans for stocking the farm with pure bred cattle, irrigating the farm, fertilizing the land, and producing ensilage, all of which would have produced an additional income of $6,000. In his petition appellee pled his plans and prayed for lost profits.

Appellee has moved for leave to file a supplemental transcript containing a bill of exceptions supporting his point. Appellant has objected to our consideration of the bill of exceptions on the ground that it was not timely and duly filed and approved by the trial court. Appellant has also filed a motion that we strike that part of appellee's brief based on said bill of exceptions.

In our opinion the bill of exceptions was not timely and duly filed. Appellee's motion for leave to file a supplemental transcript is overruled. Appellant's motion that we not consider the bill, and its motion to strike parts of appellee's brief are sustained.

■ However if we be mistaken in the foregoing holding, we shall say that we are of the opinion, after giving the bill due consideration, that appellee's point is without merit and should be overruled.

■ It is obvious that by stocking the farm with pure bred cattle, and applying new operating methods in the cultivation of the farm, appellee would have in effect inaugurated a new business. Anticipated profits of a new business are considered too speculative and uncertain to be recoverable as damages. Silberstein v. Laibovitz, Tex.Civ.App., 200 S.W.2d 647; Williams v. Saunders, Tex.Civ.App., 243 S.W. 2d 596; 13 Tex.Jur. 207.

For the reasons herein stated we have concluded that the judgment for $2,000 as reasonable annual rental of the land should be affirmed; but that the judgment for $1,587.80 expenses should not be allowed to stand. The judgment is therefore modified by reducing it in the amount of $1,587.80, —leaving $2,000 as the principal amount of the judgment.

The judgment as modified, is affirmed.

### On Rehearing.

Both appellant and appellee have filed motions for rehearing.

A part of the trial court's judgment was for the rental value of the real property

 

in question. Appellant has pointed out that this part of the judgment was for $2,000 "less amount of insurance and taxes in the sum of $323.61". Appellant had paid the insurance and taxes for the year 1956, and we believe the amount paid was properly credited by the trial court in favor of appellant.

Appellant's motion for rehearing is sustained to the extent that the trial court's judgment is affirmed in the amount of $2,000 "less amount of insurance and taxes in the sum of $323.61"—in other words, the judgment is affirmed for $1,676.39. In all other respects our judgment on appeal will remain unchanged.

Appellee's motion for rehearing is overruled.