**GREAT COMMONWEALTH LIFE INSURANCE COMPANY,**
Plaintiff-Appellant,

v.

**BANCO OBRERO de AHORRO Y PRESTAMOS de PUERTO RICO,**
Defendant-Appellee.

No. 76–1493

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

July 19, 1976.

Ray Besing, Troy D. Phillips, S. Stewart Frazer, Dallas, Tex., for plaintiff-appellant.

H. Dee Johnson, Jr., Dallas, Tex., for defendant-appellee.

Before COLEMAN, GEE and TJOFLAT, Circuit Judges.

PER CURIAM:

This case presents an inquiry into the *in personam* jurisdiction of a federal court applying the Texas long-arm statute. Plaintiff deposited $50,000 in a Puerto Rican bank, Banco Obrero. This was done to facilitate a loan by Banco Obrero to an employee of Great Commonwealth Life Insurance Company. This dispute arises over whether the deposit was to be considered collateral for the employee's loan, which is now in default. The bank refuses to return the deposit; the insurance company insists the loan was never intended strictly as collateral. The district court dismissed for lack of personal jurisdiction over Banco Obrero.

■ The bank is certainly correct in its contention that the deposit of funds in a bank creates a debtor-creditor relationship, not a bailment. Therefore, the insurance company has no cause of action in conversion. See *First National Bank of Hico v. English,* 240 S.W.2d 503 (Tex.Civ.App.-Waco 1951, no writ).

■ We must now consider if due process is offended by requiring the Puerto Rican bank to stand suit in the federal district court in Texas merely because funds were deposited in its bank by a Texas resident. This is essentially a bank deposit that was made with the understanding that it would

* Rule 18, 5th Cir.; *Isbell Enterprises, Inc. v. Citizens Cas. Co.,* 5 Cir. 1970, 431 F.2d 409, Part I.

facilitate a loan to the plaintiff's employee. There are no portions of the contract to be performed in Texas that have bearing on this question. Banco Obrero has done nothing by which it "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws," as required by *Hanson v. Denckla,* 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). Although one insurance policy with a California resident by a Texas insurance company was held sufficient to subject the insurance company to jurisdiction of California courts in *McGee v. International Life Ins. Co.,* 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957), the policy reasons for allowing a state to protect private individuals against foreign insurance companies who refuse to make good on a policy seem more compelling than the policy interests of a state in protecting insurance companies who choose to deposit funds in foreign banks. *See Product Promotions, Inc. v. Cousteau,* 495 F.2d 483 (5th Cir. 1974), at 498 n. 27:

> On the other hand, the Texas interest in providing a forum for suit is less than California's in *McGee* where, as here, both parties are corporations, more nearly equal in size, and the claim is large enough that it will not be dropped if the defendant must be pursued elsewhere.

[That case found jurisdiction for other reasons because of the strength of the connection between the contract at issue and the law of Texas.] This Puerto Rican bank's contact with the State of Texas seems even less substantial than that of Western Boat Building Corporation, which was held to be not enough to create *in personam* jurisdiction under the Texas long-arm statute by this court. *See Benjamin v. Western Boat Building Corp.,* 472 F.2d 723 (5th Cir. 1973). These long-arm statute questions are difficult because each must be decided on the given facts, but in this case fundamental fairness seems to favor making this insurance company, which was able to go to Puerto Rico to negotiate this deal and to deposit the funds, return to Puerto Rico to attempt to recover its funds.

AFFIRMED.