(43 South. 36.)

No. 16,144.

CLAPHAM et al. v. CLAYTON et al.

(Jan. 7, 1907. Rehearing Denied Feb. 18, 1907.)

1. VENDOR AND PURCHASER — REMEDIES OF PURCHASER—FAILURE TO GIVE POSSESSION.

Neither in a petitory action nor in action of boundary can the plaintiff call his vendor in warranty. Foote v. Pharr, 38 South. 885, 115 La. 35, reaffirmed.

2. SAME—ACTION FOR DAMAGES.

Where a part of the land sold is in the adverse possession of the defendant in a petitory action, or action of boundary, the plaintiff cannot call in his own vendor for the purpose of condemning the latter to deliver possession of the land in controversy; but the right of action of the vendee against his vendor in such a case is limited to a claim for damages.

(Syllabus by the Court.)

Appeal from Tenth Judicial District Court, Parish of Concordia; John Stirling Boatner, Judge.

Action by William C. Clapham and others against James L. Clayton and another. Judgment for defendants, and plaintiffs appeal. Affirmed.

Samuel Lucius Elam, for appellants. Hugh Tullis (Robert Lee Tullis, of counsel), for appellees.

LAND, J. On December 26, 1904, the Panola Company, Limited, sold to the three plaintiffs, the Indian Village plantation, situated in the parish of Concordia, for the price of $30,000, of which the sum of $12,000 was paid in cash and the balance was represented by notes of the purchasers. The plantation was described in the deed as containing 1,-794.19 acres, more or less. The sale was made with full warranty, except that the vendor did not warrant the title "to a small part of the said Indian Village plantation claimed by Clayton, and that part granted by a former owner as a right of way to the Memphis, Helena & Louisiana Railway."

The present suit was filed December 1, 1905, against James L. Clayton and the Panola Company, Limited. The petition alleged that plaintiffs were the owners of said plantation, and were in possession of a portion of the same, but had been unable to get possession of another portion in the actual possession of James L. Clayton, without legal right. The petition alleged that Clayton was the owner of the Winona plantation, adjoining the Indian Village plantation, and had without any legal authority taken possession of a strip of land belonging to the latter plantation and of the width of 1,000 feet, worth the sum of $2,500; that the boundary lines between said plantations had never been marked; that the said Clayton had gone beyond the boundary lines as shown by the respective titles of the parties; and that therefore it was necessary that a legal boundary line should be established between the two properties.

The Panola Company was made a party and the petition alleged that said defendant had not placed petitioners in possession of said strip of ground, although they had demanded of said company to place them in actual possession thereof. The petition alleged that said company was made a party defendant for the purpose of requiring it by judgment of the court to comply with all the obligations fixed upon it by the deed, and also to hold said company in warranty.

The prayer of the petition was that said Clayton be cited to answer, and that the petitioners be decreed to be the legal owners of said property, and that they be placed in actual possession of the same, and that the boundary be fixed between said plantations. Plaintiffs further prayed that the said Panola Company be cited and required to place

petitioners in possession of said strip of land, and, lastly, for all necessary orders and for general relief.

Plaintiffs' first amended petition alleged that the strip of land in dispute was worth $12,000, and that they had made a written demand on the Panola Company to put them in possession of said strip, but that said company had refused to do so.

The Panola Company appeared, and at one and the same time excepted (1) that the court had no jurisdiction ratione personæ; (2) that there was a misjoinder of parties defendant; and (3) that the petition disclosed no cause of action against the appearer.

The defendant Clayton answered, pleading the general issue, ownership and possession of the Winona plantation, possession under title of the property in controversy for more than 30 years, and that during all these years the boundaries of his property had been well defined and universally recognized.

Further answering, this defendant pleaded the prescriptions of 10 and 30 years, and called his vendors in warranty.

Plaintiffs filed a second amended petition, in which they alleged that, in the event Clayton should be decreed to be the owner of the strip of land in dispute, then the Panola Company was bound in warranty to return to the plaintiffs the sum of $12,000, the value of said strip, or to account to them for said sum. They further alleged that they had the right to claim, and did claim, of said company the sum of $1,200 for attorney fees for the institution and prosecution of this suit to final judgment. Plaintiffs filed a third amended petition, alleging that the defendants were working together for the purpose of trying to defeat the claims of petitioners.

The defendant company excepted that the original and amended petitions disclosed no cause of action. This exception was sustained, and plaintiffs have appealed.

1. The sale from the Panola Company to the plaintiffs was evidenced by authentic act, and "the law considers the tradition or delivery of immovables as always accompanying the public act which transfers the property." Civ. Code, art. 2479. Hence, if the strip in dispute was in possession of the Panola Company at the date of the sale, it was by operation of law delivered to the purchasers. If it was then in possession of the defendant Clayton, warranty was excluded by the terms of the deed, as it must be presumed that he claimed the land which he actually possessed.

2. Plaintiffs have cumulated a petitory action with an action of boundary. The latter action necessarily implies that plaintiffs possess the Indian Village plantation as owners, and are seeking to have the limits of both estates ascertained and fixed. Civ. Code, arts. 825, 829.

In an action of boundary the question of ownership is not involved, and even the defendant has no right to call his vendors in warranty. Duplessis v. Lastrapes, 11 Rob. 451. In such an action the possession of the parties of any quantity of land beyond that mentioned in the titles is considered the result of error and mistake.

In a petitory action the plaintiff has no right to call his vendors in warranty. This principle was recently reaffirmed by this court in the well-considered case of Foote v. Pharr et al., 115 La. 35, 38 South. 885.

3. Plaintiffs' original demand that the Panola Company be required to put them in possession of the strip in dispute is based on article 2485 of the Civil Code, which reads as follows:

"If the seller fails to make the delivery at the time agreed on between the parties, the buyer will be at liberty to demand, either a cancelling of the sale, or to be put in possession, if the delay is occasioned only by the deed of the seller."

This article assumes that the seller has possession of the property conveyed.

In commenting on the corresponding article of the Code Napoleon, Baudry-Lacantinerie say:

"Lorsque l'acheteur a fait condemner le vendeur à le mettre en possession, il peut faire executer le jugement manu militari, et se faire ainsi mettre en possession, si le vendeur possède la chose vendue. Mais si le vendeur ne la possède pas, soit qu'il ne l'ait jamais eue, soit qu'il ait cessé de l'avoir, la condamnation prononcée contre lui résoudra en dommages-intérêts." Id.; De La Vente, p. 254, § 308.

If the foregoing be a correct exposition of the meaning of the article, it follows that plaintiffs' right of action against their vendor for nondelivery is one in damages. As defendant is in adverse possession of the strip of ground in controversy, it is evident that the Panola Company cannot make delivery of the same, and that the plaintiffs are pursuing the only mode of acquiring possession. The Panola Company, having parted with the title and its right of possession, has no capacity to stand in judgment in any kind of action against the third possessor of the property. Until this suit shall be finally determined it will be impossible to decide on the question of the liability of the vendor to plaintiffs, even if liable at all under the non-warranty clause in the deed. The Panola Company cannot be held liable in this suit except as warrantors, and cannot be held as warrantors unless the present jurisprudence of this court is reversed. In the case of Laurans v. Garnier, 10 Rob. 425, the plaintiff sued the vendor alone and prayed:

"That the defendant be condemned to put the petitioner in possession of the land sold within a delay to be fixed by the court, with an undisputed title to the same, or in default thereof that the sale be canceled, and the defendant condemned to refund the price and costs."

The court disposed of the first alternative by stating that it was impossible to render judgment putting the plaintiff in possession by an undisputed title in the absence of the parties holding adverse possession and the second alternative by the statement that the court was asked to give effect to the warranty of the vendor without any eviction, and without suing the adverse possessors and making his vendor a party.

The court further said that:

"The buyer could at once sue the adverse possessor of a part of the same tract, making his vendor a party in warranty."

Under the present jurisprudence the vendor can be made a party to such a suit only for the purpose of notification. As the vendor in the instant case has been notified, the judgment will be binding on him.

Judgment affirmed.