———————o———————

No. 6091.

## MRS. EMMA CECILIA LORYMER, WIDOW OF WILLIAM MURRY vs. GRACE JOHNSON, ET AL.

### Syllabus.

In the absence of exception thereto on the part of his vendor, the plaintiff in a petitory action may call him in warranty and the defendant is without right to object.

Appeal from the Civil District Court, Parish of Orleans, Division "C," No. 99,597. Hon. E. K. Skinner, Judge.

A. G. Levy, for plaintiff and appellee.

J. L. Dormon, F. R. Richardson, for defendant and appellant.

Stafford & Robinson, attorneys.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

This is a petitory action wherein plaintiff seeks to vindicate her ownership and be put in possession of a lot of ground and improvements on Arabella Street in this city, now possessed by defendant; and there is coupled with it an alternative demand to the effect that if plaintiff's title is rejected, then that she have judgmen against her vendor whom she has called and cited in warranty. After trial on the merits there was judgment for plaintiff and against defendant decreeing her the owner and entitled to possession, and the alternative demand against the warrantor was accordingly dismissed. The defendant appeals.

The appellant in the first place contends that her exception challenging plaintiff's right to cite and join her vendor and to engraft a call in warranty upon the action, should have been sustained.

The contention is not well founded. Plaintiff's vendor offered no objection to the call in warranty, but on the contrary, answered and joined plaintiff on the merits in upholding the validity of the title against defendant's attack thereon. It is true that the vendor might have excepted to the right of a plaintiff in a petitory action to call him in warranty, but he did not do so and the objection is one that the defendant cannot urge. The authorities cited by defendant in support of her contention are all cases where the vendor and not the defendant interposed an objection to the call in warranty; and

these very authorities recognize the right of a plaintiff in a petitory action to notify his vendor of the proceeding and to prosecute therein a demand in warranty against him if the latter makes no objection thereto. R. C. C. 2519 (2495).

Foote vs. Pharr, 115 La., 35.
Chaplan vs. Clayton, 118 La., 419.

On the merits, the conveyance records disclose that by formal notarial acts plaintiff purchased the property in 1908 from one Casey, who in turn had purchased it in 1906 from the present defendant. The defense, however, is that defendant's transfer to Casey was fraudulent and simulated, and that the intention of defendant had been to mortgage and not to sell the property to him.

It is not pretended, however, that plaintiff participated in or had actual knowledge of the alleged fraud in the confection of said act, but it is claimed that the equivalent of such knowledge was conveyed to plaintiff by the alleged fact that the price was vile and by the further fact that defendant continued to retain possession of the property.

We find nothing in the record to impeach in the slightest degree the absolute good faith of plaintiff. The records exhibited a conveyance to plaintiff's vendor regular on its face, and she purchased upon the faith thereof and upon a favorable report of her attorney as to the validity of the title involved. Defendant's testimony as to her intention to mortgage and not to sell the property to Casey is flatly contradicted by that of other equally credible and more disinterested witnesses; and there is no attempt made to establish the condition or value of the property in 1906, or to show that the sale to Casey in that year was for a price not commensurate with its real

value at the time. Moreover, it is shown that defendant was permitted by Casey to retain possession in consideration of. and as recompense for certain services rendered; and witnesses for plaintiff testify that defendant acknowledged Casey's ownership and promised to vacate the property upon request.

We find no reason to disturb the judgment of the trial Court and it is accordingly affirmed.

Judgment affirmed.

Opinion and decree, May 18th, 1914.