(100 South. 691)

No. 24643.

### DAVIS et al. v. MOORE.

(Feb. 4, 1924. Rehearing Denied by Whole Court June 7, 1924.)

*(Syllabus by Editorial Staff.)*

1. Boundaries  ⊙⟶37(1)—Evidence held to show good faith of party to boundary dispute.

Evidence as to prevalent uncertainty as to occupation and township lines *held* to show actual and legal good faith of party to boundary suit in maintaining possession until correct boundary lines established by final judgment.

2. Use and occupation ⊙⟶1—Good faith holder not liable for rents or damages for occupancy.

In boundary suit, defendant, shown to be holder in good faith, is not liable either for rents and revenues, if any, or for damages for occupancy of territory in dispute.

Appeal from Second Judicial District Court, Parish of Bossier; Robert Roberts, Jr., Judge.

Action by J. E. Davis and others against H. P. Moore. Judgment for plaintiffs, and defendant appeals. Affirmed.

George G. Dimick, of Shreveport, for appellant.

Herndon & Herndon, of Shreveport, for appellees.

By Division A, composed of O'NIELL, C. J., and ROGERS and BRUNOT, JJ.

ROGERS, J. Plaintiffs are the owners of the Trilby plantation situated in section 1, township 17, range 13 of the parish of Bossier. Defendant is the owner of a tract of land adjacent thereto. This is an action to establish the boundary between the properties, coupled with a demand by plaintiff for the rental of the land alleged to be held by defendant.

The judgment of the lower court fixed the boundary line in accordance with the procès verbal and map of W. E. Martin, surveyor, filed in the record on October 26, 1920, and ordered that said line be monumented with concrete posts or marks. The claim for rent was rejected.

Defendant has appealed, and plaintiffs have answered the appeal, praying for the amendment of the judgment so as to allow them the rent claimed, and that as thus amended the judgment be affirmed.

The lower judge, as was his duty under the provisions of article 841 of the Revised Civil Code, appointed surveyors, W. E. Martin and H. H. Jenkins, to survey the lands in controversy, ascertain their limits, and make a procès verbal of their work, and file same in court.

It appears from the record that, while the surveyors ran the survey together, they differed as to the location of the boundary line and submitted separate reports. The main difference between the experts was in regard to the township line on the northern boundary of section 1. Jenkin's complaint is that Martin has placed this township line too far south.

The district judge accepted the Martin report and survey as being correct. Our examination of the record has not convinced us that he was in error in so doing.

Defendant has not appeared in this court either by brief or in oral argument to point out the errors, if any there be, in the Martin survey and report. Defendant's nonappearance, we take it, is an admission on his part that he is unable so to do.

[1, 2] The judgment rejecting plaintiff's claim for rent is correct. Rent is only demandable and collectible by a lessor against a lessee under a lease contract. Besides, this is a boundary suit and not a petitory action to vindicate title. In an action of boundary, the questions of title are not at issue, unless founded on the prescription of 30 years, and titles are referred to only to establish boundaries and not as affecting ownership. Keller v. Shelmire, 42 La. Ann. 323, 7 South. 587. The articles of the Revised Civil Code, Nos. 3451, 3452, and 3453, and the cases cited by plaintiffs are inapplicable to the present issue. The codal articles refer to cases in which the title of the thing in dispute is asserted by one or both of the parties. The decisions, Brugere v. Heirs of Slidell, 27 La. Ann. 70, and Woodcock v. Baldwin, 110 La. 270, 34 South. 440, merely hold that a possessor in good faith becomes a possessor in bad faith from judicial demand.

In the instant case the evidence shows that for many years in that section of the country in which the respective properties of the plaintiffs and defendant are situated a condition of uncertainty has existed in regard to the occupation lines and the township lines. Even the surveyors who were appointed by the court to run the lines have not been able to agree as to their exact location. Under these circumstances we think the defendant may be said to be both in actual and legal good faith in maintaining his possession until the correct boundary line has been established by final judgment. Being a holder in good faith, he is not liable either for the rents and revenues, if there be any, or for damages for the oc-

cupancy, of the strip of land held by him in the belief that he was entitled thereto.

Judgment affirmed.

Rehearing denied by the WHOLE COURT.