**PROVOST et al. v. ROMERO.**

No. 1777.

Court of Appeal of Louisiana. First Circuit.

Dec. 9, 1937.

Clyde G. delaHoussaye, of New Iberia, for appellant.

C. Arthur Provost, of New Iberia, for appellees.

OTT, Judge.

This is a boundary suit. In 1922, the succession of Homer Delcambre was partitioned in kind between his heirs, and in making the partition the two tracts involved in this boundary suit were shown on a map made by Jones and Rochel, Civil Engineers, the two tracts being designated on the map as Nos. 1 and 2. This map, which formed the basis on which the partition of the two tracts was made, shows the lines, dimensions, bearings, and acreage of the two tracts, including the dividing line between the two lots. In the partition Clarence Delcambre acquired lot No. 2, and Julius Delcambre acquired lot No. 1.

Plaintiffs acquired lot No. 2 from Clarence Delcambre in April, 1928, and the defendant acquired lot No. 1 from Julius Delcambre in October, 1929. About the year 1933 a controversy arose as to the exact location of the dividing line between these two properties. One of plaintiffs and one or two other men measured the line in the back of these two contiguous tracts and found that defendant was encroaching over on the tract owned by plaintiffs some 40 feet or more in the rear and some 2 or 3 feet on the front. The testimony shows that defendant refused to acknowledge at that time that he

was encroaching over the line, but contended that the line was along an old fence and a ditch running south of the line which plaintiffs claimed to be the correct line. The matter continued in this unsettled state, with defendant gradually encroaching more and more over the line which plaintiffs claimed separated the two tracts, until the year 1936, when the plaintiffs and the defendant agreed to have the lines run by a surveyor in order to fix the boundaries between them. They agreed on Mr. W. K. Frantz, a civil engineer, to make the survey.

This surveyor ran the lines in accordance with the Jones-Rochel map, and found the dividing line to be as claimed by plaintiffs. Defendant refused to accept this survey and refused to pay his part of the expenses of the survey as he had agreed to do. The defendant insisted on the dividing line being placed where he contended it was, and secured another surveyor to locate the dividing line. The surveyor selected by the defendant was not a licensed engineer under the laws of this state, but had done some surveying for the United States government. This man did not actually run the lines on the ground, but only measured enough on the front and back lines of the two tracts to get a right angle and a perpendicular so as to divide the two tracts into two equal parts.

Being unable to settle the boundary dispute, and the defendant continuing to encroach on their property, plaintiffs filed this suit in November, 1936, to have the boundary fixed by order of court, and claimed damages for trespass on their land in the sum of $25, plus attorneys fees of $150. The court appointed Mr. Frantz to survey the line and file a procès verbal in court. It appears that nothing further was done in the matter, except some further efforts were made to reach an amicable agreement without any results.

In March, 1937, the surveyor appointed by the court to make the survey notified both parties that he would at a specified time proceed to fix the boundaries between their properties. This surveyor fixed the lines from the Jones–Rochel map and made out a procès verbal and map showing in detail how he had located and fixed the boundaries. Defendant filed an answer in May, 1937, admitting that he had encroached upon the lands of plaintiffs to a certain extent, and expressing his willingness to have the boundary line properly fixed. He asked the court to appoint a third surveyor as a kind of arbitrator, as he claimed that the surveyor appointed by the court and the surveyor selected by himself could not agree on the boundary line.

The case was tried, and the court rendered judgment in favor of plaintiffs fixing the boundary line as found by Mr. Frantz, and as shown in his procès verbal and map, and also condemned defendant in damages in the sum of $25, and taxed all of the cost, including the fees of the surveyor amounting to $86 and expert fees, against the defendant. The claim for attorneys fees was denied and this claim is not pressed in this court. The case is here on an appeal by the defendant.

The survey of Mr. Frantz fixing the boundaries between the two tracts is clearly correct. In addition to his procès verbal and map giving full details in establishing the line between the properties from the original map on which the titles are based, Mr. Frantz is supported by Mr. Rochel, the engineer who made the original survey and map, and who examined the map and procès verbal made by Mr. Frantz and testified that it corresponded to the original map and survey.

In fact, we do not understand that defendant is now seriously questioning the correctness of the Frantz survey and the fixing of the line by him, but defendant is now most seriously claiming that he has acted in good faith and for that reason should not be held for damages and for all the cost as the judgment provides.

But the brief history given above of this controversy between the parties shows the lack of good faith on the part of defendant. In the first place, he admits that he knowingly encroached upon plaintiffs' land. He knew that the boundary was not where he claimed it to be, and, after consenting to have Mr. Frantz make a survey to fix the line at the joint expense of the parties, he repudiated his agreement because the line was not fixed where he wanted it. He continued to trespass over the line when he knew that he was over the line on plaintiffs' property, and refused to compromise, even though plaintiffs were willing to make some concessions and give him some of the land over the line established by Frantz before the suit was filed.

In a boundary suit, the defendant is not liable for damages for the use of the land in dispute if he is in good faith. Davis et al. v. Moore, 156 La. 488, 100 So. 691. But the possessor of land who holds it in bad faith is required to restore the fruits or pay for the use of the land. C.C. arts. 502, 3452, and 3453. Defendant contends that plaintiffs cannot recover for the use of the land in dispute, as this is a boundary suit and no question of ownership is involved, citing the case of Davis et al. v. Moore, supra, as authority for that contention. But our interpretation of that case is to the effect that, where the defendant is in bad, faith, he is a trespasser and as such liable for damages for the occupancy of the land held by him in bad faith. The court in the cited case held that the defendant was in good faith in his occupancy of the strip of land involved in the boundary suit, and for that reason he could not be held for rents and revenues, nor for damages for the use of the property.

The action of the defendant in refusing to have the boundary fixed amicably forced plaintiffs to file this suit, and, under the circumstances, defendant is liable for all costs of the proceedings, including the cost of the survey and the expert witness fees. Andrews v. Knox, 10 La. Ann. 604; Deshotels v. Guillory (La.App.) 161 So. 217.

For the reasons assigned, the judgment is affirmed at the cost of the appellant.