### FRANZ v. MOHR.*
### No. 16976.

Court of Appeal of Louisiana. Orleans.
Feb. 6, 1939.

*Rehearing denied Feb. 27, 1939.

Daniel Wendling, of New Orleans, for appellant.

George A. Dreyfous, of New Orleans, for appellee.

WESTERFIELD, Judge.

This is an action in boundary. The petition alleges that the plaintiff, Miss Irma M. Franz, is the owner of a certain parcel of ground described as follows: "A certain portion of ground, with the improvements thereon and all the appurtenances thereunto belonging, situated in the Sixth District of this City in Square No. 261, bounded by Jena, Chestnut, Camp Streets and Napoleon Avenue. Which said portion of ground measures forty feet front on Jena Street, by one hundred and twenty feet in depth, between parallel lines, and is composed of twenty-two feet of lot 'E' and eighteen feet of lot 'D' adjoining said lot 'E' fronting on Jena Street, on a plan of survey of E. L. Eustis, Deputy City Surveyor, dated April 2, 1921, annexed to an act of sale before J. B. Rosser, Jr., late notary, on April 15, 1921."; that she acquired this property by purchase from Leonard J. Franz, by act before Felix J. Dreyfous, Notary Public, on May 17, 1933; that the property is bounded on the side towards Chestnut Street by a certain piece of land owned by Katie Mohr, wife of W. Ethelbert Brown, described as follows: "A certain portion of ground, with the improvements thereon and all the appurtenances thereunto belonging, situated in the Sixth District of this City, in Square No. 261, bounded by Jena, Chestnut, Camp Streets and Napoleon Avenue. Which said portion of ground measures forty feet front on Jena Street, by one hundred and twenty feet in depth, between parallel lines, commencing 70 feet from the corner of Chestnut and Jena Streets, and is composed of twenty-four feet of lot 'C' and sixteen feet of lot 'D' adjoining lot 'C' fronting on Jena Street, on a plan or survey by E. L. Eustis, Deputy City Surveyor, dated April 2, 1921, annexed to an act of sale before J. B. Rosser, Jr., late notary, on April 15, 1921"; "that a boundary line has never been established judicially or by agreement between the owners of said two properties and that petitioner desires that the same be definitely fixed in the manner prescribed by law; that a fence has been erected on the property of plaintiff by the defendant without authority of law, and that the garage belonging to defendant is partly built on plaintiff's property"; that plaintiff has endeavored to have a surveyor appointed to fix the boundary line between the two properties by consent of Mrs. Brown without avail. The prayer of the petition asks for the appointment of a surveyor in order to fix the boundary between the two properties in accordance with appropriate articles of the Civil Code and that there be judgment ordering defendant "to remove the encroachments on petitioner's property and determining the boundary line between the property of plaintiff * * * and the property of defendant".

To this petition the defendant filed an exception of no cause of action based upon the alleged failure of plaintiff to make the necessary allegations in compliance with Article 823 of the Revised Civil Code, and upon the further ground that the petition alleged that both plaintiff and defendant acquired their properties by a plan of survey by E. L. Eustis, Deputy City Surveyor, dated April 2, 1921, hence there was no need for fixing the boundaries of the properties. The exception was maintained whereupon, on application for a new trial, plaintiff presented an affidavit of E. L. Eustis in which it was affirmed "that an actual survey was not made of each lot indicated on the sketch individually, and that no stakes indicating the boundaries of these lots were placed by him". A new trial was granted by the judge, a quo, and the exception of no cause of action subsequently overruled. Defendant then answered reserving the benefit of the exception and insisting that the question of title could not be considered in an action of boundary. She arraigned her title and, in the alternative, pleaded prescription of ten years, acquirandi causa and other defenses.

The case was tried on its merits and resulted in a judgment in favor of plaintiff fixing the boundaries in accordance with a new survey made by Eustis, who was appointed by the Court as an expert for that purpose, dated February 14, 1938.

The judgment fixed the fee of Eustis at $129.80, and ordered that the cost be borne equally by both parties. Defendant has appealed.

The provision of the Revised Civil Code relied upon to sustain the exception of no cause of action is Article 823, which reads:

"When two estates or lands contiguous, in cities or in the country, have never been separated, or have never had their boundaries determined, or if the bounds, which have been formerly fixed, are no longer to be seen, each of the owners of the contiguous estates has a right to compel the other to fix the limits of their respective properties."

■■ The allegation in plaintiff's petition to the effect "that a boundary line has never been established judicially or by agreement between the owners of said two properties * * *" is, we believe, a sufficient compliance with this article. In regard to the second point raised by defendant, it appears from the Eustis affidavit, that the original survey, made by him by which both plaintiff and defendant acquired, did not mark their boundaries and while the petition does not allege this, it would serve no useful purpose to maintain the exception on this ground and remand the case to permit an amendment of the petition in order to admit evidence already in the record, which we would be obliged to do should we maintain the exception.

It appears that both plaintiff and defendant arraign their titles to a common author, Miss Mary E. Finnerty, who, on April 15, 1921, acquired a tract of land measuring one hundred and sixty feet front on Jena Street by a depth of one hundred and twenty feet. She divided the property into five lots described on the original Eustis plan as "B", "C", "D", "E" and "F" respectively. She sold to Vincent Mascari, on August 29, 1921, twenty-two feet of lot "E" and eighteen feet of lot "D" and, on March 9th, 1922, she sold to defendant, Mrs. Brown, twenty-four feet of lot "C" and sixteen feet of lot "D". In other words, since there were only thirty-two feet in lot "D", she sold two feet of that lot twice, having conveyed eighteen feet to Mascari and sixteen feet to Mrs. Brown. Mascari is plaintiff's author in title and this controversy results from Miss Finnerty's error in executing overlapping titles.

Article 847 of the Revised Civil Code, which appears in Title V, under the caption "Of Fixing the Limits and of Surveying of Lands", reads as follows:

"If the parties claim under simple acts of sale or other acts which can transfer property, without being supported by any anterior concessions, and if they, or the persons from whom they acquired their estates, have acquired them from one common proprietor, the preference shall be given to him whose title is of the most ancient date, unless an adverse possession, for a time sufficient to establish prescription, has produced a difference in the situation of the parties."

■ Since it clearly appears that plaintiff has the most ancient title from a common author, the quantity of land mentioned in her title must be satisfied "unless an adverse possession, for a time sufficient to establish prescription" has been proven. Defendant pleaded the prescription of ten years, but only the prescription of thirty years is contemplated by Article 847. Keller v. Shelmire, 42 La.Ann. 323, 7 So. 587; Davis v. Moore, 156 La. 488, 100 So. 691. The judgment fixing the boundary of plaintiff's property in accordance with her title is correct.

■ That portion of the judgment which orders the removal of encroachments upon' plaintiff's boundary as established by the recent Eustis plan must be overruled because, as defendant strenuously contends, the question of ownership cannot be decided in an action of boundary. Sprigg v. Hooper, 9 Rob. 248; Cragin v. Powell, 128 U.S. 691, 9 S.Ct. 203, 32 L.Ed. 566; Keller v. Shelmire, supra; Clapham v. Clayton, 118 La. 419, 43 So. 36 and Davis v. Moore, supra.

A petitory action is necessary to vindicate title. When and if such an action is brought by plaintiff and defendant should decide to renew her plea of prescription of ten years and other defenses inappropriately urged here, their merit can be determined, but not in an action of boundary.

The judgment appealed from will, therefore, be amended so as to read as follows:

It is ordered, adjudged and decreed that there be judgment herein in favor of plaintiff, Miss Irma M. Franz, and against defendant, Mrs. Katie Mohr, Wife of W. Ethelbert Brown, approving and homologating the sketch of E. L. Eustis, Surveyor, and ordering that the boundary line between the respective properties of plaintiff and defendant, fronting on Jena Street, in

the square bounded by Chestnut and Camp Streets, and Napoleon Avenue, in this City, be fixed as the line "MN" on said sketch, commencing one hundred eight feet from the corner of Jena and Chestnut Streets and measuring on a line perpendicular to Jena Street one hundred twenty feet in the direction of Napoleon Avenue, which sketch bears date February 14, 1938. It is further ordered that the fee of E. L. Eustis, Surveyor, be fixed at the sum of $129.-80 and shared equally by both parties. The costs of the district court to be paid by defendant and appellant and those of this Court by plaintiff and appellee.

Amended and affirmed.