TALIAFERRO, Judge.
Plaintiff, asserting title to (with some minor exceptions) and possession of that part of NW J4 of NE i/4, NE % of NW y4, and SE % of NW Vi Section Three (3), Township Eight (8) North, Range Nine (9) West, in Natchitoches Parish, lying north of the Natchitoches-Robeline Road, instituted a jactitation action against the defendant, Cook, wherein he charged that Cook was slandering his title to that portion of the NW Vi of NE V4> Section 3, Township 8 North, Range 9 West, lying south of the Natchitoches-Grand Ecore Road, by asserting title thereto by virtue of a quit-claim deed to him from S. M. Cook et al., on March 24, 1942. He further alleged that the Grand-Ecore-Fort Je'sup Road traversed said forty acre tract by entering it slightly south of the northeast corner and intersecting the present road (Jefferson Highway or Robeline-Natchitoches Road) about the center of said forty. Plaintiff deraigns his title back to A. V. Carter in the year 1880.
Alternatively, plaintiff alleged that should it be found and held that title to and ownership of that part of said lands between said roads did not pass to T. J. Welch and his heirs, “That a good and valid title thereto has been acquired by prescription of ten, twenty and -thirty years.”
*367 Defendant answered, after exceptions filed by him were overruled. He also asserted title to and possession of that part of NW % of NE y4, and NE yA of NW 54> Section 3, Township 8 North, Range 9 West, lying south of the Fort Jesup-Grand Ecore Road, and of the entirety of the SE \/4 of NW y4 of said section. The answer clearly transformed the original action into a suit in revindi-cation, a petitory action, in which Cook carried the burden of proof. He deraigned his title also to A. V. Carter, who, therefore, is and was the common author in title. Floyd rejoined by answering the answer of Cook and again deraigned his title back to Carter.
While the trial was in progress the Court, at the suggestion of attorneys for each side, ordered a survey to be made of the property in dispute and to show on the plat of the survey the location of the “old Natchitoches-Grand Ecore Road and the Natchitoches-Robeline Road,” known as the Jefferson Highway “and the improvements on the triangular place.” This triangular shaped piece of land is that which lies in NW y4 of NE y4, Section 3 between said roads. The survey was made and the plat prepared by the appointed’ surveyor was admitted in" evidence without objection, but no report or procés verbal of the survey was made, or, if made, it was not filed.
The case was tried on the issues tendered, and resulted in judgment sustaining the plea of prescription filed by Floyd and decreeing him to be ■ the owner of the triangular shaped tract of land;
Cook was recognized as owner of that portion of NE j4 of NW Section 3, “lying south of the present road” and also of “all that .portion óf .the east half of SE 14 of NW y, Section 3, lying north of the present road.” Floyd was cast for all costs of suit.
The present appeal is prosecuted by Cook, who' complains of the judgment in two respects, viz.: The sustaining of the plea of prescription of ten (10) years, and in not recognizing him to be the owner of the entirety of SE 14 of NW Section ’ 3, instead of owner of the east half thereofnorth óf:the road.
' Defendant’s answer to the appeal prays that the judgment, insofar as he is recognized as owner of the seventeen (17) acre tract, be affirmed. He registers no complaint as to the balance of the judgment.
On Motion to Supplement the Record
In making up the record to be filed in this Court, the Clerk inadvertently omitted the deed, or a copy- thereof, from A. V. Carter, -the common author, to Joseph Welch, dated November 3, 1880. The transcribed testimony discloses that this instrument was offered in evidence by both sides.
In this Court the appellant has filed motion to supplement the transcript by having" incorporated therein, and considered by this Court, the omitted deed, a photographic copy thereof being attached to . the motion, and certified by the Clerk of the lower court. Counsel for appellee would not consent to granting the relief sought by the motion.
If we-should deny the motion to supplement, perforce, the record would be returned to the lower court for completion. This would consume time and entail delay wholly unnecessary. For this reason, and, in addition, both sides having introduced the deed in evidence, and its contents being well established by the record, the motion will be sustained.
The Merits
For a" very' long time, -perhaps, imtnel morial, there was a dirt road that led through' Section 3,' Township 8 North, Range 9 West, from the Town of Robeline, in Natchitoches Parish, to a" point ón Red River, above the City o'f Natchitoches, known as the Fort Jesup-Grand, Ecore Highway. ' It is in sorfie of the deeds referred to as the '“Robeline” Highway. This road " entered Section 3 af or near the northwest c'ofner of NE y4 of SW j4 of the section, and traversed it northeasterly (with some slight curtes), to near the northeast corner of NW 14 of NE yA thereof, where it made éxit.
*368 Another road, now known as Jefferson Highway, being same as that which is called in the record, the Robeline-Natchi-toches Highway, departed southeasterly from said Fort Jesup-Grand Ecore Highway, near the center of the W % °f NW % of NE *4, Section 3: It crosses the east line of Section 3 at the center of the NE J4-It leads to the City of Natchitoches. This road ¡was rebuilt and improved many years ago; probably in 1914 or 1915. Thereafter, travel, instead of going to Natchitoches over the old Fort Jesup-Grand Ecore Road, used the newer and shorter route. The old road fell into disuse from the intersection of the new one, and in places timber, underbrush, etc. have grown thereupon.
On April 4, 1896, A. V. Carter sold and conveyed to Joseph L. Barbee, the E and E % of W Section 3, except the portion sold to Joseph Welch, and other lands adjoining the above, in Section 10, Township 8 North, Range 9 West. Barbee conveyed the same descriptions to Mena Johnston .on January 3, 1899, but says “less 65 acres, more or less, north of the Fort Jesup and Grand Ecore Road, sold to Joseph Welch by A. V. Carter * * * and being the western portion of the old A. V. Carter place, with dwelling house”, etc. Mena Johnston sold by same descriptions to N. T. Smith on September 27, 1899, and Smith sold by like descriptions to G. J. Cook, father of the plaintiff, on October 21, 1899.
By and through act of partition between the surviving heirs (children and grandchildren) of-G. J. Cook, deceased, on March 3, : 1942, S. Earl Cook was allotted and accepted the. following described tracts of the large acreage left by decedent, as his portion and interest therein, viz.:. E y2 of.W % and W %.of E % of Section 3, less 65 acres off, of the NE 14 of NW (4 and JNW % of .NE J4? lying north of the Fort Jesup and Grand Ecore Road; and other lands in Section; 10, adjoining the above lands, in Township 8 North, Range' 9 West.
The record shows that G. J. Cook lived upon and cultivated portions of the lands he acquired from N. T. Smith. ■ They apparently constituted a plantation. Cook’s heirs likewise possessed and cultivated the lands. It is also shown that S. Earl Cook rented out and cultivated portions of the lands acquired by him in the said act of partition.
It is shown that the heirs of G. J. Cook in 1919 and 1932 executed mineral leases to the seventeen (17) acres between the two roads, along with their other lands in Sections 3 and 10 adjacent, and sold timber therefrom in 1927 and 1930, by written acts under each of which timber was cut from the entire tract.
The description in the deed from A. V. Carter to Joseph Welch reads: “All that portion or tract lying north of the road leading from Fort Jesup to Grand, Ecore of N y2 of E % of NW J4 and that part of the NW % of the NE (4 lying north of said road, containing sixty (60) or sixty-five (65) acres, more or less, all in Section 3, Township 8 North, Range 9 West, the said road to be the line between them.” (Welch and Carter.)
In the partition of the lands of the estate of Joseph Welch, and his wife, deceased, December 18, 1907, Thomas J. Welch was allotted the following, viz.: “All that land in the northern portion from Robeline Road in the NE of NW (4 and all land lying north in the NW }4 of NE *4 in Section 3, Township 8 North, Range 9 West, containing 65 acres, more or less,” and other lands.
Thomas J. Welch mortgaged the land to the Bank of Robeline on January 28, 1913, and on February 5, 1916, conveyed it (by dation en paiement) to the bank, under the following description, viz.: “All that portion of SE }4 of NW % and NW )4 of NE 14 north of Robeline Road, being 65 acres of land in Section 3, known as the Welch ‘Old Place’ ”, and other lands.
This description is erroneous. NE (4 of NW %, Section 3, is omitted, while SE |4 °f NW % is included.
On May 9, 1919, the Bank o.f Robeline sold the land by correct description, to Frank Floyd, and as part of the description, it is said: “Lying north of the Robe-line-Natchitoches dirt road and containing *369 69 acres, more or less, and known as the ‘Old Welch Place’.”
On August 27, 1925, by description as is in deed to Frank Floyd, the sheriff of Natchitoches Parish in suit óf A. J. Lambert against the heirs of Frank Floyd et al., adjudicated, the property to Mrs. Emma J. Howard. By like description she conveyed same to James- Floyd, defendant herein, on April 9, 1945. The description, however, in this last deed does not refer to the property as the “Old Welch Place”, but does say: “Lying north of the Robe-line-Highway, containing 65 acres, more or less.”
The seventeen (17) acres between - the roads is woodland. At different times, however, small areas of it have 'been cleared for gardens and at the present time there are two small houses on it. All of this was done within the past twenty-five (25) years; in fact, .excepting one garden, the improvements were made within the past fourteen (14) years.
Several reputable citizens, past the age of seventy (70), who have lived near the lands involved herein for over half a century, knew Joe Welch well and -the lands he owned. They are positive the south boundary of the “Old Welch Place” was never known or understood to extend below the Fort Jesup (Robeline Grand Ecore) Road.
If the area between'the roads in NW % of NE 14; Section -3, was intended 'to be included in any of these deeds under which defendant holds, the acreage for the “Welch Place” would be in excess of eighty (80).
Comparison of the description in all the deeds forming the chain that ends in plaintiff, Floyd, reflects clearly that the southern limit of the land described therein was not intended to be different, and, in fact, does not differ in meaning from that fixed by Carter and Welch themselves.
Citation of authorities is not necessary to substantiate the proposition that real estate may be transferred by name, such as a plantation, farm or estate .designated by a certain name; and when this is done, the identity of the tracts composing - the conveyed property may be proved by -parol testimony. In case, of error in parcels described, the name of the property will prevail.
In view of the foregoing conclusions, plaintiff and his authors in title could only have acquired ownership of the seventeen (17) acre tract ‘by actual, corporeal possession, for thirty (30) years continuously. This, of course, has not been done. It is not seriously so contended.
In view of the foregoing conclusions, pellee that the land between the roads, being the seventeen (17) acres- in controversy, was inventoried as belonging to the succession of Joseph and Mary Welch. We do not so construe the descriptions. They read: “All the north portion from the Robeline Road in SE % of NW )4 and all lying north of the Robeline Road in NE 14 of NW and all the land lying north (of the • Robeline Road was inadvertently omitted) in NW J4 of NE %> Section 3, Township 8 North, Range 9 West.”
It is certain it was intended to list the portions of these three forties that lie north of the Robeline Road. By no stretch of the imagination, as we view it, should it be said that any portion of the three tracts, south of any road, was intended to be inventoried.
We ha've stated elsewhere in this opinion that prior to the building of the departure road to Natchitoches, the Fort Jesup-Grand Ecore Róad ' was often referred to as the “Robeline Road”’. And this inventory was made seven years prior to that time.
As' concerns the SE oí NW %, Section 3, the-record discloses no serious controversy. In the deed from Thomas Welch to the Bank of Robeline that part of this forty, north of the “Robeline Road” was erroneously included, instead of that part of NE of NW % north of the road, but when the -bank sold to Frank Floyd in 1919, the lands were described correctly, the description- therein being the same as appears in deed from Carter to Joe Welch. During the pendency of this suit, on April 19, 1948, the liquidator *370 of the ■ bank executed what is termed .a correcting deed unto James Floyd, defendant, in which it is stated that in the former deed by the bank, that part of the NE of NW J4» Section 3, north of the road was omitted, and that the instrument was executed to cure the error. Coming when it did, this correcting deed has no material bearing upon the issues in the case, all things and descriptions considered.
Appellee’s assiduous counsel has devoted a goodly portion of his lengthy brief to an erroneous interpretation of the description in the deed from Carter to Welch. Concerning the description, “N y2 of E y2 of NW 14” he contends that the first letter of the description is “W” and not “N”, which, if true, would make the description, read “W % of E % of NW 1/4”. While this letter..“N” in formation and structure is not free from lack of clearness, yet it compares favorably with other capital “N’s” in the photographic copy of the deed before us. If counsel’s interpretation is correct, the tracts sold to Welch, do not join. They would be one-eighth of a mile apart. He, being a farmer, it is reasonable to assume, desired that his lands be adjacent, in one body. All future deeds disagree with counsel’s interpretation. None of them describe the W 1/2 of E y2 of NW y4.
For the reasons herein assigned, the defendant (plaintiff in petitory action), S. Earl Cook, is hereby recognized as and decreed to be the .owner of the following described tracts of. land, involved in this suit, and entitled to the undisturbed possession thereof, to wit:
Southeast Quarter of the Northwest Quarter (SE 14 of NW J4) > that part and portion of the Northeast Quarter of the Northwest Quarter (NE of NW J4) and of. the Northwest ' Quarter of the Northeast Quarter (NW 14 of ■ NE J4) that lies south of the old Fort' Jesup-Grand Ecore (Robeline) Highway, ■ in Section Three (3),- Township Eight (8) North, Range Nine (9) West, in Natchi-toches Parish,• State of Louisiana; and pursuant to • this decree and iri accordance therewith, said Cook is awarded judgment against James Floyd, plaintiff (defendant in petitory action).
It is further ordered, adjudged and decreed that the judgment from which appealed, is amended to- the extent it is in conflict herewith; and in all other respects, it is affirmed. All costs of suit are taxed against James Floyd.