TALIAFERRO, Judge.
This is an action of boundary. The plaintiff alleges that defendant is the owner of the following described property in Natchi-toches Parish, Louisiana, viz.: “That portion lying north of the road leading from Fort Jesup to Grand Ecore, of N % of E y2 of NW % and NW % of NE 14, Section 3, Township 8 North, Range 9, West, containing ■ 60 or 65 acres,” and that in the deed by A. V. Carter of said lands to Joe Welch, on November 3, 1880, said road was fixed and named as the boundary line between the lands sold and those retained by said Carter; that said Carter, on April 2, 1898, sold to J. L. Barbee the remainder of his land in said Section 3, being the E % and E % of W % of the Section, excepting therefrom the portion previously sold to Joe Welch; that by mesne conveyances petitioner owns the lands sold to Barbee and has owned same since 1942; that some years ago, due to changes in the course of said highway, in Section 3, Township 8 North, Range 9 West, that part of it between said lands fell into disuse and has grown up in briars, underbrush, small trees, etc.; and its traverse through said section is no longer visible; that a dispute between petitioner and defendant, as to the correct boundary between their respective properties' has arisen, and it ’ is necessary that' said old road be retráced and relocated in. order that said boundary be judicially established.' He prayed that a surveyor be appointed by the Court to make the survey necessary to' determine the correct location of the disputed line, etc. The Court signed order, as prayed for, wherein a surveyor was named 'to make said survey and submit report' thereof in writing to the Court.
■ 'Defendant appeared and filed a motion to set aside the order directing that the'survey be made, and appointing the surveyor to make it. ■ He alleged that the application for said order “is erroneous and for which he (plaintiff) has not a cause or right of action”' for the'reasons assigned in the motion. The motion in reality tenders the question of title to land between the old Fort Jesup-Grand Ecore and the present Robe-line-Natchitoches Highways, some seventeen (17) acres in Section 3, title to which is involved in suit No. 26,654 on the docket of the. lower court, being 217 La. -, 49 So.2d 365. The following relief is prayed for in the .motion: That the order for the survey be set aside, or, in the alternative, that the order be stayed; that the exceptions of no cause and no right of action filed by him, his plea of ten and twenty years’ prescription and his plea of estoppel be sustained; that if no relief is granted under either of said pleas, in the alternative, plaintiff be directed to institute a petitory action to determine the issue.of title; and, further, in the alternative, that a reasonable time be granted to defendant to institute against plaintiff a jactitation suit. Thereafter, defendant filed an' amendment to his plea of prescription of ten years.
Following the filing of the mentioned motion, pleas and exceptions, plaintiff amended his petition and impleaded William J. Howard, and Johnny Floyd for, the rea.son that according to the official conveyance records of Natchitoches Parish, they each had purchased a small tract of land in the northeastern part of the NW of NF J4 of said Section 3, .and would be affected to some extent by the survey for 'which he.had prayed. These newly made defendants filed exceptions of no cause and no fight of action and then filed another exception which,' in effect, simply amplified the exceptions formerly filed by them.
On June 24,' 1946, all of the pleas' of prescription, other pleas and exceptions, were tried. Testimony was adduced and many documents introduced in evidence. On September 8, 1947) the- Court overruled all of the pleas and exceptions;'' and, inter alia, said' in written' reasons' for judgment: “Since thefe appears to be good physical evidence of both of the claimed boundaries there seems to be no need of a survey, and, therefore, the order of survey is hereby recalled.”
*376 The Court, in overruling the pleas and exceptions was guided by the case of Franz v. Mohr, La.App., 186 So. 114, 116, and cases therein cited, wherein it is said: "the question of ownership cannot be de cided in an action of boundary.”’
This action of the Court was eminently correct. That should have ended the case insofar as concerned the District Court, leaving to either or both sides the rig-ht to appeal. However, it did not, for on May 20, 1948, defendant’s counsel objected to the signing of the judgment in keeping with the related action of the Court, for the assigned reason and on the ground that in the meantime defendants had filed answers. The objection was sustained and the case fixed for trial on its merits on May 27, 1948, but no trial was had on this date. It should have been overruled.
The unsigned judgment is in the record. It is said therein: “Plaintiff’s demand for a survey is denied and rejected at his cost.”
It is interesting to note that on October 18, 1948, plaintiff’s motion to have the case reset for trial on December 14, 1948, was met by further objection from defendant’s counsel “for the reason that the case has heretofore been disposed of.’’’ The objection, though wholly inconsistent with counsel’s prior position, was not without merit, but the case was reset for trial on December 14, 1948.
On February 5, 1947, said suit No. 26,054 on the docket of the lower court, above referred to, was filed below. It was originally a jactitation action, but by answer of Cook, the defendant, was converted into a petitory action.
There is an entry in the note o>f evidence in said case No. 26,054 that it was agreed that the record- therein be “used” in the present case. In 217 La. -, 49 So.2d 365, the Court ordered a survey of the lands, etc. This was done ■ and a plat returned into Court. This is the plat referred to by the Court in judgment in the present case.
On February 3, 1949, the case was again submitted for decision, without further ado, on briefs to be filed. Written reasons for judgment were .rendered on January 10, 1950, and judgment signed March 30th.. It reads in part: “Decreeing the old Fort Jesup and Grand Ecore Road, as retraced by W. L. Mangham, surveyor, to be the boundary between the respective estates of the parties and as shown on the plat of survey filed in the record.”
All'costs were taxed against defendant, James Floyd. He applied for a rehearing. He predicates the motion upon these propositions, to-wit:
1. That the judgment fixing the boundary line between the two properties was inappropriate and illegal since the Court had previously recalled its order for the survey and had held that a survey was not necessary ;
2. That the plat of survey upon which the Court acted is not supported by the surveyor’s written report, nor by his testimony, he not having been called as a witness;
3. That had such a report been made, it would have disclosed that the starting point of the survey was incorrect, and in other respects it was not made in the manner required by law.
The motion was overruled. Defendant appealed.
Appellant’s position in this Court follows that briefly submitted in his motion for rehearing.
This boundary suit was designed to accomplish one purpose, viz.: the retracing and reestablishment of the line dividing the estates o-f the parties. That, of course, could only be done by a competent surveyor appointed by the Court, if necessity for so doing existed. The order of the Court directing that the survey be made and by a surveyor named therein, were indispensable prerequisites to the determination of the sole issue tendered by the petition. The surveyor named in the Court’s order made no survey. It appears that during or after trial of the pleas and exceptions filed by the defendants, the trial judge visited the locus of the controversy and experienced no difficulty in identifying the old Fort Jesup-Grand Ecore road and, for this reason, de- *377 tided a survey was not necessary. He then, logically, rescinded the order previously signed by him on plaintiff’s ex parte application. That action, in our opinion, was equivalent to a definitive judgment and had the effect of dismissing the suit. Code of Practice, Article 539. It certainly removed from the suit the sole basic foundation upon which it rested. That judgment of the Court has not been reverséd, annulled or set aside. Either side yet has the right to appeal from it when signed,
For the reasons herein assigned, the judgment from which appealed, is annulled, reversed, and this appeal is dismissed at ap-pellee’s cost.